ALEX J. RAINERI, District Attorney, Iron County
You have requested my opinion concerning the salary of the Iron County Highway Commission. You indicate that the previous commissioner died in office, and that the present commissioner was first elected by the county board last November. No resolution was passed setting the salary of the new commissioner prior to his election. Your specific questions are:
 (1) Must the county board pay the new commissioner the same salary as was paid to his immediate predecessor?
 (2) Can the county board set a new salary for the new commissioner?
Section 83.01 (3), Stats., provides:
 "SALARY. The salary of the county highway commissioner shall be as determined under the provisions of sec. 59.15."
Unfortunately, the above provision does not specify which subsection of sec. 59.15, Stats., applies. Section 59.15
differentiates between elective officials (subsec. 1), and appointive officials (subsec. 2), in such a way as to produce contrary answers to your questions. Therefore, the answer to your questions lies in determining whether the office of county highway commissioner is elective or appointive in the context of sec. 59.15.
Section 83.01 (1), Stats., provides:
 "ELECTION. The county board shall elect a county highway commissioner, but in lieu thereof may by resolution request the highway commission to appoint a county highway commissioner. If the county board shall fail to elect a county highway commissioner or to make such request to the highway commission, the county shall not participate in state allotments for highways." (Emphasis supplied.)
Use of the term "elect" in the statute to describe the mode of selection of the county highway commissioner seems to indicate that the office is elective. However, it is my opinion that the context in which "elect" is used requires that it be construed as "appoint." *Page 288 
The general rule is that words and phrases in statutes shall be construed according to common and approved usage; but technical words and others that have peculiar meaning in the law shall be construed according to such meaning. Sec. 990.01 (1), Stats. I have concluded that Art. XIII, sec. 9, Wis. Const., gives "elect" a technical meaning when it is used to describe the selection of a county official by other than the county electorate. When so used, "elect" means "appoint." Presumably, the legislature used "elect" in sec. 83.01 (1), Stats., in accordance with this technical meaning.
Article XIII, sec. 9, Wis. Const., provides, in part:
 "Election or appointment of statutory officers. SECTION 9. All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the board of supervisors, or other county authorities, as the legislature shall direct. . . . All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed, as the legislature may direct."
The clear implication of this constitutional language is that county officials are either elected by the county electorate or appointed by the board of supervisors. Since the county highway commissioner is "elected" by the county board rather than the electorate, his office must be construed as appointive in terms of the language of Art. XIII, sec. 9, Wis. Const. A different conclusion would lead to a conflict between Art. XIII, sec. 9, Wis. Const., and sec. 83.01, Stats., in that the statute would provide a method of selection for county officials not provided for in the constitution. Statutes are to be construed to avoid such conflicts where possible. Milwaukee v. Milwaukee Amusement,Inc. (1964), 22 Wis.2d 240, 125 N.W.2d 625.
In State ex rel. Burdick v. Tyrrell (1914), 158 Wis. 425,149 N.W. 280, the Supreme Court considered a city charter which provided that the council may "elect" a city attorney. At page 434, the court stated:
 ". . . Perhaps, accurately speaking, under sec. 9, art. XIII, Const., and the provisions of the city charter in the instant case *Page 289 
the council appoint and do not elect the city attorney. But whether the term `elect' or `appoint' be used in the charter the power of the council over the subject matter is the same. It is in reality an appointing power, . . ." (Emphasis supplied.)
For similar interpretations, see 55 OAG 260 (1966) and 61 OAG 116 (1972).
The language of sec. 59.15, Stats., is supportive of this interpretation. Section 59.15, as amended by ch. 118, Laws of 1973, provides, in part:
 "(1) ELECTIVE OFFICIALS. (a) The board shall, prior to the earliest time for filing nomination papers for any elective office to be voted on in the county . . . which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid him . . . The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
 "(2) APPOINTIVE OFFICIALS, DEPUTY OFFICERS AND EMPLOYES. (a) The board has the powers set forth in this subsection, sub. (3) and s. 59.025 as to any office, department, board, commission, committee, position or employe in county service (other than elective offices included under sub. (1) . . .) created under any statute, the salary or compensation for which is paid in whole or in part by the county, and the jurisdiction and duties of which like within the county or any portion thereof . . .
"***
 "(c) The board may provide, fix or change the salary or compensation of any office, board, commission, committee, position, employe or deputies to elective officers without regard to the tenure of the incumbent (except as provided in para. (d))
. . .
 "(d) The board . . . may contract for the services of employes, setting up the hours, wages, duties and terms of employment for periods not to exceed 2 years." (Emphasis supplied.) *Page 290 
It would require strained interpretation to construe the emphasized language of subsec. (1) as descriptive of the selection of a county highway commissioner. Therefore, it is my opinion that the salary of a county highway commissioner is to be determined pursuant to subsec. (2) of sec. 59.15, Stats. The county board may change his salary pursuant to sec. 59.15 (2) (c) unless it has contracted otherwise pursuant to sec. 59.15 (2) (d). An appointment, however, does not operate as a contract as contemplated by sec. 59.15 (2) (d). Otherwise, sec. 59.15 (2) (c) would be meaningless.
Accordingly, the answer to your first question is a qualified "No." The county highway commissioner is only entitled to the salary previously fixed for his office until it is formally changed pursuant to sec. 59.15 (2) (c), Stats. The answer to your second question then is "Yes." His salary may be changed during his term pursuant to that statute.
RWW:CAB