WILBUR J. SCHMIDT, Secretary, Department of Health and SocialServices
You state that the Department of Health and Social Services is planning to initiate the development of four pilot community human service programs with local governmental subdivisions for the joint conduct of projects to study and demonstrate causes and methods of prevention and treatment of mental illness and other related social problems. You further state:
 "The development of Community Human Service Pilot Programs represents a collaborative effort by the Department and the pilot counties to integrate public health, mental health and social service programs into a single, unified community agency which would operate under the jurisdiction of a Community Human Services Board. This comprehensive, unified board would assume the authority of existing boards, namely, the Community Mental Health, Mental Retardation, Alcoholism and Drug Abuse Board (Section 51.42), the Community Developmental Disabilities Board (Section 51.437), the County Board of Public Welfare (Section 46.21, 46.22), the County Board of Health (Section 140.09), County Committees of Health (Section 141.06), County Commissions on Aging (Chapter 118, Section 59.025 (3)(a), and 46.80 (1) (c), County Institution Boards of Trustee and other relevant committees."
You then inquire whether counties, pursuant to ch. 118, Laws of 1973, can establish a Community Human Services Board which would assume the powers and duties of the above existing boards and *Page 581 
would administer all the programs authorized by the statutes you cited above.
Section 59.025 (3), Stats., as created by ch. 118, Laws of 1973, provides:
 "(3) CREATION OF OFFICES. Except for the offices of supervisor, judge, county executive and county assessor and those officers elected under section 4 of article VI of the constitution, the county board may:
 "(a) Create any county office, department, committee, board, commission, position or employment it deems necessary to administer functions authorized by the legislature.
 "(b) Consolidate, abolish or reestablish any county office, department, committee, board, commission, position or employment.
 "(c) Transfer some or all functions, duties, responsibilities and privileges of any county office, department, committee, board, commission, position or employment to any other agency including a committee of the board."
Section 51.42 (3), Stats., provides that the county board of any county may establish a community mental health, mental retardation, alcoholism and drug abuse board. Section 51.437 (2), Stats., provides that county boards shall establish community developmental disabilities services boards. Section 46.21 (1), Stats., provides that in each county having a population of 500,000 there is created a board of five members which shall be known as the "county board of public welfare." Section 46.22 (1), Stats., provides that every county having a population of less than 500,000 may by a vote of its county board of supervisors elect to be under sec. 46.21 Stats., if not, there is created a county department of public welfare, which shall consist, interalia, of a "county board of public welfare." Section 140.09, Stats., provides for the establishment of a county health department or county board of health as well as a multiple county health department or board of health or a city-county health department or board of health. Section 141.06, Stats., provides that county boards shall establish county health committees. Section 46.80 (1) (c), Stats., merely authorizes the division or agency to promote and aid the establishment of programs and services for the *Page 582 
aging within subordinate units of government and sec. 59.025 (3) (a), Stats., was created, of course, by ch. 118, Laws of 1973.
In effect, you inquire whether county boards may abolish the aforementioned county departments, boards and committees and transfer their functions and duties and consolidate them into a non-statutory designated board entitled the "Community Human Services Board."
Section 59.025 (3), Stats., as created by ch. 118, Laws of 1973, does contain extremely broad language. It provides that the county boards, subject to specific exceptions, may create, consolidate, or abolish any county office, department, committee, board, commission, position or employment and transfer some or all functions, duties, responsibilities and privileges. However, this broad language is subject to the limitations set forth in subsection (2), which reads, in part, as follows:
 ". . . The powers hereby conferred shall be in addition to all other grants and shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail."
All of the aforementioned county departments, boards and committees, except for the community mental health, mental retardation, alcoholism and drug abuse boards are established and required by statute. I can find no designation of what has been referred to as the "Community Human Services Board" in the statutes. A review of the legislative history of ch. 118, Laws of 1973, discloses that the legislature adopted the original bill, 1973 Senate Bill 27, with several amendments. Subsection (2) of section 1. of the original bill was amended by Assembly Amendment 7 deleting therefrom the word "liberally" which was contained between the words "construed in" of the original bill. Subsection (3), thereof remained intact. A note below subsection (2) in the original bill reads in part as follows:
 "Specifically excluded from the grant of power to counties, under new s. 59.025, is county board authority over any *Page 583 
organizational features related to the following . . . Any statutory enactments affecting counties which are considered subjects of statewide concern."
A city in the performance of its duty to protect the public health is subject to legislative regulation and supervision by state authority in that regard. State ex rel. Martin v. Juneau
(1941), 238 Wis. 564, 300 N.W. 187. At pages 570 and 571, the Court stated "there can be no question but that the promotion and protection of public health is a matter of statewide concern." Likewise, sec. 49.50, Stats., provides for state supervision over welfare programs. According to a prior opinion, the then department of public welfare was authorized to establish uniformstandards for granting old-age assistance, aid to dependent children, aid to the blind and aid to the totally and permanently disabled pursuant to sec. 49.50, Stats. 39 OAG 403.
Furthermore, Art. IV, sec. 22, of the Wisconsin Constitution reads:
 "Powers of county boards. SECTION 22. The legislature may confer upon the boards of supervisors of the several counties of the state such powers of a local, legislative and administrative character as they shall from time to time prescribe."
The court in Muench v. Public Service Comm. (1952), 261 Wis. 492,515, 55 N.W.2d 40, interpreted the foregoing section of the Constitution to mean that "the state may only delegate to county boards powers of a local character, and may not delegate powers over matters of state-wide concern."
In my opinion, matters affecting the health and welfare of citizens of this state are of statewide concern. Thus, sec. 59.025 (2) (3), Stats., created by ch. 118, Laws of 1973, does not authorize county boards to abolish county departments, boards or committees pertaining to health and welfare and required by existing state statutes, nor does it authorize the transfer of their functions and duties or consolidation of them into a single "Community Human Services Board." However, this opinion does not prevent the department from initiating human service programs with local governmental subdivisions for the joint conduct of projects to study *Page 584 
and demonstrate causes, methods of prevention and treatment of mental illness and other related social problems authorized by law.
VAM:GBS