JOSEPH SALITURO, Corporation Counsel Kenosha County
You state that in 1972 Kenosha County, by board resolution, established a Community Mental Health, Mental Retardation, Alcoholism and Drug Abuse Board, hereinafter referred to as a sec. 51.42 board, consisting of fifteen members. In early 1975 the county board, by resolution, reduced the number of members from fifteen to nine. The county board chairman subsequently appointed nine members to serve on the new board. There was no formal action abolishing the first board and creating a new board. One of the members who served on the fifteen-member board, and who was not appointed to the new board, claims that he has a right to continue to serve. *Page 41 
You request my opinion whether an individual member of the original sec. 51.42 board remains a member of that board under these circumstances. It is my opinion that he does.
It appears to me that further action by the county board will be necessary to rectify the situation. Under sec. 51.42 (4) Stats., appointments to the board are to be made by the county board and the county board chairman has no power to appoint. The nine members he has appointed have at most a de facto status. Assuming that a member of the fifteen-member board was legally appointed, he has a right to serve until his term expires and a successor is legally appointed, unless:
 1. he is removed for cause by a two-thirds vote of the county board pursuant to sec. 51.42 (4) (d), Stats., or
 2. his office becomes vacant upon the occurrence of an event specified in sec. 17.03, Stats., or
 3. the sec. 51.42 board is legally abolished by resolution of the county board.
The power of a county board to abolish, reestablish or transfer duties of any board or commission under sec. 59.025 (3), Stats., is in part limited by reason of sec. 59.025 (2), Stats., which provides that powers granted:
 ". . . shall be limited only by express language but shall be subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect every county . . . ." (Emphasis added.)
The provisions of sec. 51.42, Stats., including subsec. (1), make it clear that the structure and powers of such board are a matter of statewide concern. The uniform effect of the statute is not disturbed by separate provisions for counties with population over 500,000, or by the fact that establishment of such board is optional under sec. 51.42 (3) (a), Stats. Thompson v. KenoshaCounty (1974), 64 Wis.2d 673, 687, 688, 221 N.W.2d 845.
If a county board no longer wishes to participate in the programs under sec. 51.42, Stats., it may, pursuant to sec. 59.025 (2) and (3), Stats., totally abolish the sec. 51.42 board in that county. However, a county board may not abolish a sec.51.42 board and transfer its functions to another agency not created by statute. See 63 OAG 580 (1974). *Page 42 
A county board is without power to abolish the entire board and reestablish a new nine-member board for the primary purpose of membership change. However, a county desiring to continue the sec. 51.42 board, but reduce its size may do so by a resolution abolishing offices held by specific members. Nevertheless, the board may not be reduced to less than nine members. Sec. 51.42
(4) (b), Stats.
If the sec. 51.42 board were to be reduced by six members, it would be appropriate to abolish the offices of two members in each of the three classes of membership; that is, those with three years, two years and one year, respectively, remaining of their terms. In this way, the reduction to a nine-member board would take place over a period of years. In doing so, however, care must be taken to ensure that there continues to be representation from each of the mental disability interest groups specified in sec. 51.42 (4) (b), Stats.
BCL:RJV