LARRY A. SIEGER, District Attorney, Vernon County
You request my opinion whether the power to hire and terminate county welfare department employes is within the authority of the county board of supervisors or whether it rests in the county board of public welfare.
For the reasons stated below it is my opinion that such power, in counties of less than 500,000 population and not electing to be under sec. 46.21, Stats., is exclusively within the authority of the county board of public welfare and must be exercised subject to secs. 46.22 (6) and 49.50 (2), Stats., and the merit system rules promulgated by the Department of Health and Social Services.
County boards have broad powers by reason of sec. 59.025, Stats., with respect to the creation of county offices and positions and the transfer of certain management functions to agencies including committees of the board. However, such powers are, by reason of sec. 59.025 (2), Stats., limited "by express language [and] . . . subject to the constitution and such enactments of the legislature of statewide concern as shall with uniformity affect *Page 164 
every county." I am of the opinion that the establishment and maintenance of the state merit system required by the express
language of secs. 49.50, 46.22 (6) and 59.15 (2) (c), Stats., and contained in ch. PW-PA 10, Wis. Adm. Code, is a matter of statewide concern. See OAG 43-76, 65 OAG 123 (1976).
Section 46.22 (1), (2) (b) and (3), Stats., requires that the director of the county welfare department and the employes within such department be appointed subject to sec. 49.50 (2) to (5) and rules promulgated thereunder. Section 49.50 (2), Stats., provides:
 ". . . The provisions of this section relating to personnel standards on a merit basis supersede any inconsistent provisions of any law relating to county personnel . . . ."
The remainder of sec. 49.50 (2) to (5) requires the Department of Health and Social Services to adopt and supervise a merit system applicable to county welfare employes. Section 46.22 (6) makes this merit system applicable to a county department of public welfare.
Section 59.15 (2) (c), Stats., provides in pertinent part:
 "(c) the board may provide, fix or change the salary or compensation of any . . . position [or] employe . . . but no action of the board shall be contrary to or in derogation of the rules and regulations of the department of health and social services pursuant to s. 49.50 (2) to (5) . . . ."
This section specifically limits the powers of a county board of supervisors with respect to compensation of employes of a county welfare department.
The respective duties of the director of the county board of public welfare, the county board of public welfare and the county board of supervisors are expressly set forth in sec. 46.22 (3), Stats., which provides in part:
 "(3) DIRECTOR. The county director of public welfare shall serve as the executive and administrative officer of the county department of public welfare. . . . The county director shall recommend to the county board of public welfare the appointment of employes necessary to administer the functions of the department, subject to sub. (6) and s. 49.50 (2) to (5) and the rules promulgated thereunder. The county *Page 165 
director shall make recommendations to the county board of supervisors who shall fix the salary of such employes." (Emphasis added.)
While this language has not been construed by our Supreme Court, similar language which proceeded it has been interpreted in a case involving the power to fix salaries for these employes. Under prior law, sec. 46.22 (3), Stats. (1965), provided that the county director of public welfare "shall recommend to the county board of public welfare the appointment and fixing of salaries of employes necessary to administer the functions of the department . . . ." The Court in construing that language inKenosha County C. H. Local v. Kenosha County (1966), 30 Wis.2d 279,282, 140 N.W.2d 277, held that the county board of public welfare and not the county board of supervisors had power to fix the salaries of welfare department employes. The Court noted:
 "We share the following viewpoint expressed by the trial judge:
 "`When sec. 59.15 and sec. 46.22 are read together it seems evident that the authority and duty to determine wages and functions of employees has been vested by the legislature in the County Department of Public Welfare and not in the County Board of Supervisors.'
 "This position is also buttressed by two formal opinions of the attorney general. In 1955, in 44 Op. Atty. Gen. 262, 266, the attorney general ruled that sec. 59.15, Stats., did not give the county board of supervisors authority to control the appointment of employees in a county welfare department. Subsequently, in 1957, the attorney general expressed an opinion in 46 Op. Atty. Gen. 137 which asserted that a county board of supervisors does not have the power to fix compensation of employees of a county department of public welfare."
Section 46.22 (3), Stats., was subsequently amended, by ch. 154, Laws of 1969, to give the county board of supervisors power to fix the salaries of the employes involved. The change in the statute relating to salaries did not alter the power of appointment of employes and such power to appoint continues to rest in the county board of public welfare. Moreover, the power to set salaries must be exercised in conformance with rules and *Page 166 
regulations of the Department of Health and Social Services. Sec.59.15 (2) (c).
The question of termination of employment is answered by reference to these same statutes and related rules. The Department of Health and Social Services, pursuant to sec. 49.50 (2), Stats., has promulgated rules PW-PA 10, Wis. Adm. Code, dealing with terminations of appointment. PW-PA 10.06 (4) defines "Appointing Authority" as "The officer, board, person or group of persons having authority to hire, discipline, and remove subordinate employes." PW-PA 10.10 provides that employes with permanent status may be suspended or terminated only for just cause. PW-PA 10.10 (2) makes it clear that the power of initiation of suspension or termination rests with the appointing authority, which is the county board of public welfare. Also see PW-PA 10.26. Power to initiate layoff is also in the appointing authority by reason of PW-PA 10.17
In conclusion, it is my opinion that the power to appoint and terminate employes of a county welfare department lies within the exclusive province of the county board of public welfare.
BCL:RJV