FREDERIC W. FLEISHAUER, District Attorney Portage County
You request my opinion whether the present sheriff and county clerk, who were elected in November, 1978, and who took office in January, 1979, are entitled to the same salaries received by their predecessors under the following facts:
 In May of 1978, the Portage County Board of Supervisors established base salaries for the 1979-80 term to comply with state law which requires that salaries for the term be established *Page 2 
prior to the first date that nomination papers may be filed, or in this case June 1, 1978 (see Section 59.15, Wis. Stats.). That action established the Sheriff's base pay at $18,540 and established the County Clerk's base pay at $13,164. At the June, 1978 meeting, the Portage County Board granted supplements to the incumbent officials salaries for the calendar year 1978. These supplements gave the incumbent Sheriff a salary of $20,490 and the incumbent County Clerk a salary of $13,508 for the calendar year 1978. The incumbent Sheriff and the incumbent County Clerk were not re-elected. When the current term began in January, 1979 the newly elected officials received less pay than the officials of the previous term. The newly elected Sheriff and newly elected County Clerk received the base pay which had been established in May of 1978, but they did not receive the supplement which had been granted to the incumbents in June of 1978.
In my opinion the answer is no.
Sections 59.15(1)(a) and 66.197, Stats., must be harmonized. Section 59.15(1)(a), Stats., provides:
 The board shall, prior to the earliest time for filing nomination papers for any elective office . . . establish the total annual compensation for services to be paid. . . . The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
Section 66.197, Stats., provides:
 The governing body of any county may, during the term of office of any elected official . . . increase the salary of such elected official in such amount as the governing body determines. The power granted by this section shall take effect notwithstanding any other provision of law to the contrary.
In a similar situation, the supreme court held that, prior to the first date on which nomination papers may be circulated, a county board may set the total compensation paid "for the term to commence when the judge newly elected takes office." State exrel. Conway v. Elvod, 70 Wis.2d 448, 452, 234 N.W.2d 354 (1975). The court also has stated that the policy embodied in previous versions of sec. *Page 3 59.15(1)(a), Stats., is that the salary be set at a period remote in time from the election in order to prevent the influence of partisan bias or personal feeling and that the candidates should know what compensation was attached to the office. See, Feavel v.Appleton, 234 Wis. 483, 488, 291 N.W. 830 (1940). At the time ofFeavel v. Appleton, the applicable statute required the county board to fix the compensation at its annual meeting.
Section 66.197, Stats., unquestionably repeals that part of sec. 59.15(1)(a), Stats., which appears to forbid increasesduring the term of office. See, 45 Op. Att'y Gen. 166 (1956). Nevertheless, as shown by State ex rel. Conway v. Elvod, the policy to fix the compensation for an ensuing term prior to the election remains intact. The statutes can be harmonized by an interpretation which gives effect to both the provision in sec.59.15, Stats., that increases or decreases accomplished prior to the earliest time for filing nomination papers establish the compensation for the ensuing term, and the provision in sec. 66.197, Stats., that the county board may increase the salary of any elected official during the term of office.
Accordingly, I conclude that sec. 59.15(1)(a), Stats., functions to cause the compensation established prior to the earliest time for filing nomination papers to be the compensation in effect at the time the new term of office begins. Section 66.197, Stats., permits increases in compensation during the term of office, but the rate in effect prior to the earliest time for filing nomination papers is the compensation which attaches to the office at the next ensuing term.
Under this interpretation an increase occurring between the earliest date for filing nomination papers and the taking of the oath by the newly elected county official applies to the incumbent only. Further action of the county board to increase the salary of the newly elected official is required even if he/she is reelected.
In 45 Op. Att'y Gen. 166 (1956), one of my predecessors used language at page 167 which may suggest that an increase in compensation carries forward to ensuing terms. That suggestion is negated in part by the use of the word "timely" in reference to the salary increase and is expressly rejected by this opinion.
BCL:DJH:CDH *Page 4