HOWARD FULLER, Secretary Department of Employment Relations
 The introduction to section 20.923, Stats., provides in part:
 [A]ll elected officials, appointed department and agency heads, unclassified positions and higher education administrative positions, unless specifically excepted by law, shall be assigned to the appropriate executive salary group among the 10 executive salary *Page 46 
groups and all such included positions shall be subject to the same basic salary establishment, implementation, modification, administrative control and application procedures.
Your Department has proposed to amend this introduction by inclusion of the underlined language as follows:
 [E]xcept that for an official serving a fixed term in an appointive position, the salary rates during the term shall be set by the appointing authority at the time of appointment. Any scheduled pay increases for an official serving a fixed term in an appointive position shall be subject to the pay range maximums in effect at the time the official's pay rates are scheduled to be adjusted.
You inquire whether the underlined language, insofar as it is applicable to non-judicial state officials appointed for fixed terms, violates article IV, section 26 of the Wisconsin Constitution, which provides in material part:
 The legislature shall never grant any extra compensation to any public officer . . . after the services shall have been rendered or the contract entered into; nor shall the compensation of any public officer be increased or diminished during his term of office . . . .
In my opinion the language as proposed when considered as a whole would, if adopted, violate the constitutional provision.
The restraint of article IV, section 26, is applicable to state public officers serving a fixed term. The word compensation as used in the constitutional provision includes salary but is not concerned with actual and necessary expenses. In State ex rel.Sachtjen v. Festge, 25 Wis.2d 128, 137, 130 N.W.2d 457 (1964), the court stated:
 In considering the meaning of "public officer" in sec. 26, art. IV, Wis. Const., we also note that the section prohibits diminution as well as increase of compensation. It was doubtless intended to protect public officers from reprisals as well as to prevent improper rewards. Its purposes would be considered important with respect to judges as well as others. It is true that the rising price level has usually made sec. 26 a burden to public officers, and more so to justices and judges, but we think the construction must be made in the light of the intended purpose.
Insofar as the Legislature may have power to delegate the establishment of compensation to a committee or officer, such committee *Page 47 
or officer is likewise restricted in authorizing any increase or decrease during the term of the officer involved. In 63 Am. Jur. 2d Public Offices and Employees §§ 369, 370, 373, it is stated:
§ 369. Constitutional restrictions.
. . . .
 Where power to fix the compensation of public officers is delegated by the legislature to administrative boards and officers, it must be exercised by them in conformity to the requirements of the fundamental law. Any constitutional limitations on the right to increase or decrease the salary or emoluments of the office during the incumbent's term of office must be observed. Where, under the Constitution, the legislature has no power to increase the compensation of an officer during his incumbency, it cannot authorize boards or officers to do so.
§ 370. — Purpose of restrictions.
 The purpose of constitutional provisions against changing the compensation of a public officer during his term or incumbency is to establish definiteness and certainty as to the salary pertaining to the office, and to take from public bodies therein mentioned the power to make gratuitous compensation to such officers in addition to that established by law. Limitations of this type are designed to establish the complete independence of the officers affected by them, and to protect them against legislative oppression which might flow from party rancor, personal spleen, enmity, or grudge.
§ 373. — Acts or measures violative of restrictions.
 Changes in the compensation of a public official within the intendment of constitutional inhibitions against such change must relate to the particular kind of compensation against which the change is directed. A prohibited change may be effected in a variety of ways. Some may be direct, others indirect or even evasive. But the prohibition is inexorable. It cannot be evaded, either directly or indirectly, by the legislature or other body. There is no distinction between a law enacted during an officer's term which, by its express terms, proposes to increase or diminish his compensation during such term and one which furnishes a standard by which such result may be obtained. They equally violate the constitutional provision against changing the compensation; *Page 48 
and any act or measure which by its necessary operation and effect withholds or takes from a public officer a part of the compensation to which he is entitled by law for his services must be regarded as within the prohibition.
Although the Wisconsin Supreme Court has not expressed its opinion with respect to a clearly established step salary plan which would provide for different predetermined and readily ascertainable rates to apply during different years of a fixed term, I am of the opinion that such a plan could meet constitutional requirements. A permissible step salary plan would require that a pay adjustment schedule be in place prior to the date of appointment; that dates of adjustment be specific; and that amounts of adjustment be specific, whether stated in dollar amounts, percentages or other measure readily ascertainable by reference to a fixed schedule which was in place prior to the date of appointment and which is not subject to discretionary change thereafter. A schedule or plan must not be dependent upon the exercise of legislative or administrative discretion during the term for its implementation.
While not constitutionally suspect, I find the language of the first proposed phrase, "except that for an official serving a fixed term in an appointed position, the salary rates during the term shall be set by the appointing authority at the time of appointment," incomplete even when construed together with other language in section 20.923. It is apparently your intent to limit the appointing authority to setting the initial salary at some set amount or at some point within an established salary range schedule applicable to that particular office. The language is not clear in that regard. The language would also appear to let an appointing authority determine the time periods, duration of each salary rate (i.e., for each year of a term or on a monthly or other basis) and dates of adjustment. The language "any scheduled pay increases for an official serving a fixed term in an appointive position shall be subject to the pay range maximums in effect at the time the official's pay rates are scheduled to be adjusted" is not wholly clear in that it does not tie the official to any executive salary group for which both salary range minimum and maximum are established pursuant to sections20.923 (1) and 230.12 (3).
The constitutional problem with the proposed amendment is not that it would allow the appointing authority to act at the time of appointment to establish different salary rates for each year of the *Page 49 
term of an officer serving a fixed term, which is permissible even under present statutes, but rather that the amendment would purport to permit pay adjustments during the term subject to a salary range schedule which could be changed at the discretion of other officials subsequent to the commencement of the term. The purpose of the proposed amendatory language, when considered as a whole, is intended to allow scheduled changes in salary to be based on salary schedules and salary maximums which were not in effect at the time of appointment. The pay range maximums which may be in effect at the time the official's pay rates might be scheduled to be adjusted would be subject to the discretion of the Legislature, Joint Committee on Employment Relations or possibly the Secretary of the Department of Employment Relations.
Under the present constitutional provision any pay adjustments during a term must be clearly provided for in specific amount or be ascertainable by reference to a salary range schedule which was in effect on the date of appointment of such official and which is not subject to discretionary change thereafter. Neither the schedule or plan, or the implementation of the schedule or plan, can be dependent upon the exercise of legislative or administrative discretion during the term. The proposed amendatory language does not meet this test and in my opinion, if enacted, would be violative of article IV, section 26 of the Wisconsin Constitution.
BCL:RJV