FRANK VOLPINTESTA, Corporation Counsel Kenosha County
You request my opinion with respect to three questions which relate to the terms of office of members of a county veterans service commission appointed pursuant to section 45.12, Stats., a single county section 51.42 board and a county institutions board appointed pursuant to section 46.18(1). You state that Kenosha County has adopted the county executive form of government and that, pursuant to section 59.032(2)(c), appointments to those boards and commissions are "by the county executive" "subject to the confirmation of the county board." You indicate that "[t]erms of office for several boards and commissions in Kenosha County expired December 31, 1983. However, by that expiration date successors to those offices had not been confirmed by the county board. Questions arose concerning the status of the office holders and of the appointed successors."
Section 45.12(1) creates a "County Veteran's Service Commission" in each county to consist of three county residents who are veterans "appointed . . . by the county executive . . . ." Subsection (2) provides that "[t]he county executive . . . after the expiration of the terms of those first appointed shall annually on or before the 2nd Monday in December appoint one person as a member for the term of 3 years." Section 45.14 provides: "Such commission shall meet . . . on or beforethe first Monday of January in each year and at such other times as may be necessary." In my opinion the prescribed or statutoryterm is three years commencing on the first day of January and ending on the last day of December of the third year. As noted hereafter, the personal term of the appointed officer may be longer or shorter than three years depending upon circumstances such as late appointment or confirmation, death, removal and resignation. The statute does not expressly provide that a duly appointed officer holds over until his or her successor is appointed and qualifies.
Section 46.18(1) as amended by 1983 Wisconsin Act 192 provides:
 Every county . . . institution . . . [in any county under 500,000] shall (subject to regulations approved by the county board) be managed by a board of trustees, electors of the county, chosen by ballot *Page 101 
by the county board. At its annual meeting, the county board shall appoint an uneven number of trustees, from 3 to 9 at the option of the board, for staggered 3-year terms ending the first Monday in January. Any vacancy shall be filled for the unexpired term by the county board; but the county chairman may appoint a trustee to fill the vacancy until the county board acts.
Section 51.42 (4)(b) provides that a county community mental health, mental retardation, alcoholism and drug abuse board shall consist of not less than nine nor more than fifteen persons. Subparagraph (d) provides:
 The term of office of any member of the board shall be 3 years, but of the members first appointed, at least one-third shall be appointed for one year; at least one third for 2 years; and the remainder for 3 years. Vacancies shall be filled for the residue of the unexpired term in the manner that original appointments are made.
This opinion assumes, as you have stated, that the term of office begins on January 1 and ends on December 31. Reference should be made to the 1972, 1975 and any other resolutions of the Kenosha County Board of Supervisors which relate to the establishment of the prescribed or regular (stated in years) term. See 65 Op. Att'y Gen. 40 (1976).
Your questions and my answers are:
 1. Does an individual appointed or elected to a full term to a board or commission continue to serve beyond his expiration date for a full term and until his successor is qualified.
The answer is yes. None of the offices referred to are elective. Section 46.18 (1) does use the words "chosen by ballot by the county board." Such method is the manner in which the county board exercises its power of appointment. See discussion in 63 Op. Att'y Gen. 286 (1974). The fact that the offices involved are not elective offices is important since section17.03 (intro.) and (10) as amended and created by1983 Wisconsin Act 484 provides that:
 Any public office is deemed vacant upon the happening of any of the following events, except as otherwise provided:
 . . . . *Page 102 
 (10) The expiration of the term of the incumbent if the office is elective.
The Legislature was aware of the importance of shared responsibility, as between the Governor and Senate, as to state offices, and county board chairperson, county administrator or county executive and county board as to county offices and did not wish to upset the balance of authority with respect to temporary or provisional appointments. In 63A Am. Jur. 2d PublicOfficers and Employes §§ 167 and 168 (1984), it is stated:
 [167] Apart from any constitutional or statutory regulation on the subject, there seems to be a general rule that an incumbent of an office will hold over after the conclusion of his term until the election and qualification of a successor, and this is true notwithstanding a provision rendering one elected to an office ineligible to succeed himself.
 [168] The provision for holding over applies only where a fixed term is annexed to an office. Such a provision may be made applicable to elective as well as appointive officers . . . .
In 63A Am. Jur. 2d Public Officers and Employes § 146 (1984), it is stated:
 Where a term of office that is to be filled by gubernatorial appointment, by and with the advice and consent of the senate, has expired, but the incumbent still continues to discharge his duties, there is no vacancy in the office such as will authorize the governor to fill it by appointment of a successor without the consent of the senate.
The Wisconsin court applied these rules where there was express statutory provision for holdover and in the absence of such provision where senate confirmation was required. State ex rel.Thompson v. Gibson, 22 Wis.2d 275, 289-90, 125 N.W.2d 636
(1964).
With respect to the appointive officers within your inquiry it is my opinion that the mere expiration of the regular or prescribed term of one, two or three years does not create a vacancy within the meaning of section 17.03 to which appointment can be made under section 17.22. In my opinion an incumbent holder of such an office who has been duly appointed and confirmed is entitled to hold over until his or her successor is appointed by the county executive and confirmed *Page 103 
by the county board. Where original appointments are concerned and there is no express provision that the officer hold over until his or her successor is appointed and qualifies, such officer would have at least de facto status. See 63A Am. Jur. 2d § 595 Public Officers and Employees (1984). It has often been said that the law abhors a physical vacancy in a public office. Although expiration of a term does not constitute a vacancy in an appointive office within the meaning of section 17.03, its impending approach and arrival does signal the duty of appointing authorities to act within a reasonable time to appoint or at least to submit a name to the appropriate legislative body for its prompt consideration with respect to confirmation.
 2. Does an individual appointed to fill a mid-term vacancy created under section 17.03 of the statutes continue to serve past the expiration date the term for which he was appointed and until such time as his successor is appointed and qualified.
The answer is yes. Section 17.22 (1) provides that "[v]acancies in any appointive county offices shall be filled by appointment for the residue of the unexpired term by the appointing power and in the manner prescribed by law for making regular full term appointments thereto . . . ." Whereas subsection (1) of section17.22 makes no express reference to holdover, paragraph (d) of subsection (2), which relates to temporary appointments, does provide "[a] person so appointed shall hold office until his successor is appointed and qualifies . . . ." Additionally, section 17.28 as amended by 1983 Wisconsin Act 484 provides:
 When officers may hold office. When no different provision is made in respect thereto, any officer who is elected or appointed to fill a vacancy shall qualify in the manner required by law of the officer in whose stead the officer is elected or appointed. An officer who is elected or appointed to fill a vacancy in an elective office shall enter upon the duties of his or her office immediately upon qualification and, if elected, upon certification of the election result, and shall hold office for the residue of the unexpired term. An officer who is appointed to fill a vacancy in an appointive office shall enter upon the duties of his or her office immediately upon qualification and shall hold office for the residue of the unexpired term, if any, and until his or her successor is appointed and qualifies. *Page 104 
3. In order to adhere to a statutory scheme calling for staggered terms does a delay in the appointment of an individual to a board or commission operate to reduce that individual's term of office? For example, if on a 3 person board or commission the statutory scheme called for a vacancy to occur each year and further, that each member is to serve for a 3-year period, what is the term of office for the commissioner whose appointment has been delayed for six months? Does his term of office become 2-1/2 years as opposed to 3 years so as to insure the continuation of staggering 1 year terms?
The answer is that a delay may result in reducing the personal term of the officer involved. In the example you pose such personal term (assuming there is no holding over on his or her part) would be two and one-half years. The prescribed or statutory term for the office remains at three years. See
discussion as to the difference between a term fixed by law which pertains to the given office and the personal term of an incumbent in State ex rel. Bashford v. Frear, 138 Wis. 536,120 N.W. 216 (1909).
BCL:RJV