FRED A. RISSER, Chairperson Senate Organization Committee
FRANK VAZQUEZ, Corporation Counsel Clark County
You each indicate that Clark County has established a wage and salary schedule for non-represented employes, and has included elected officials within that schedule. Mr. Vazquez states that, "[p]ursuant to this schedule, elected officials can receive interim raises during their terms based on longevity and upon a satisfactory evaluation of their performance by the County Board committee that supervises the activities of their office." You therefore both ask the following three extended questions concerning this compensation procedure:
 1. Can the Personnel Committee of the County Board grant the interim raise, or must it be done by the County Board as a whole? Statute 59.15 (1)(a) requires the County Board to set the base salary for elected officials prior to their earliest date for filing nomination papers. Section 66.197 says, "The governing body of any county may during the term of office of any elected official . . . increase the salary . . ." While it seems certain that the base s. 59.15 salary is set by the entire board, if the board agreed to set a fixed compensation package including set step raises, must the entire board then approve the granting *Page 259 
of these raises once again everytime an elected official is eligible for one? Or, does the passage of an established program, setting the step raises ahead of time qualify as the governing body's approval?
 2. If the prior question is answered yes, and the present rates qualify as the governing body's approval of the interim raises, is a committee of the County Board empowered to evaluate an elected officials [sic] performance in office for the purposes of granting an interim step raise. The wage and salary plan requires nonelected officials to be granted raises upon satisfactory evaluation by their supervisory committees. Can elected officials be treated the same, or are they solely to be evaluated by the electorate? It could be argued, that if interim raises are legal, than [sic] the elected body granting those raises must be able to base them on some criteria. Section 66.197 does not specify the reasons for interim raises, therefore are county's [sic] empowered to grant raises for reasons other than longevity, and if so, who has the duty to assure compliance with the salary and wage guidelines?
 3. Finally, if, according to 69 Opp [sic] A.G. 1, an interim raise can be granted because s. 69.197 repeals that part of s. 59.15 (1)(a) prohibiting interim raises, does 66.197 also repeal the portion of 59.15 (1)(a) prohibiting decrease in the elected officials [sic] salary during his or her term? Is a raise granted pursuant to s. 66.197 also not subject to reduction for the balance of their term, or can it be considered a discretionary increase above the guaranteed s. 59.15 (1)(a) base salary and since it is discretionary, it can also be reduced to a point lower than the guaranteed base?
In my opinion, discretionary authority to grant increases to elected county officials based upon the performance or length of service of the incumbent may not be delegated to a committee of the county board because the board itself lacks *Page 260 
authority to establish such a compensation scheme. The compensation of elected county officials who do not participate in establishing their own salaries may be increased but not decreased during their terms of office.
Section 59.06 (1), Stats., provides:
 The board may, by resolution designating the purposes and prescribing the duties thereof and manner of reporting, authorize their chairperson to appoint before June 1 in any year committees from the members of the board, and the committees so appointed shall perform the duties and report as prescribed in such resolution.
Section 59.15 (1) provides in part:
 ELECTIVE OFFICIALS. (a)1. The board shall, prior to the earliest time for filing nomination papers for any elective office to be voted on in the county . . . which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid to the officer. . . . The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
Section 66.197 provides:
 County salary adjustments. The governing body of any county may, during the term of office of any elected official whose salary is paid in whole or in part by such county, increase the salary of such elected official in such amount as the governing body determines. The power granted by this section shall take effect notwithstanding any other provision of law to the contrary, except that the exercise of such power shall be governed by s. 65.90 (5). The power granted by this section shall not extend to elected officials who by virtue of their office are entitled to participate in the establishment of the compensation attending their office. *Page 261 
In order to be permissible under section 59.15 (1)(a)1., periodic increases established prior to the earliest date for filing nomination papers for a particular term would have to be fixed and ascertainable, leaving no room for discretion. Cf. 72 Op. Att'y Gen. 45, 49 (1983), which construed language in article IV, section 26 of the Wisconsin Constitution prohibiting increases to appointed state officers during their terms as requiring that:
 [A]ny pay adjustments during a term must be clearly provided for in specific amount or be ascertainable by reference to a salary range schedule which was in effect on the date of appointment of such official and which is not subject to discretionary change thereafter. Neither the schedule or plan, or the implementation of the schedule or plan, can be dependent upon the exercise of legislative or administrative discretion during the term.
Section 66.197 does permit "[t]he governing body of any county . . ." to avoid that portion of section 59.15 (1)(a)1., which prohibits increases during an elected county official's term. No reason need be given for granting such an increase when the circumstances outlined in section 66.197 are satisfied. Section 59.06 (1) also permits a county board to delegate powers of a ministerial, administrative or executive nature to a committee of the board, such as the personnel committee. See 74 Op. Att'y Gen. 228 (1985). But any such delegation is subject to the same legal restrictions that would have existed had the board chosen to exercise that power itself. See 72 Op. Att'y Gen. at 46-47.
With respect to elected county officials, at least one such restriction is that compensation must be attendant to the office, not the personal characteristics of the individual that holds that office at any particular time. See, e.g., 65 Op. Att'y Gen. 62, 64 (1976), which concluded that a county board could not establish sick leave and vacation benefits for elected county officials. This principle was succinctly explained in 66 Op. Att'y Gen. *Page 262 
329, 330 (1977), which determined that longevity pay could not be based on years of service of the incumbent:
 The compensation established under sec. 59.15 (1)(a), Stats., is for the office, and the incumbent is entitled to it as an incident of office. See 61 Op. Att'y Gen. 165 and 61 Op. Att'y Gen. 403 (1972). Under sec. 59.15 (1)(a), Stats., the board could establish the annual compensation for the office at a given figure for the first year of the term and at a higher figure for the second year of the term, but any occupant of the office would be entitled to the fixed amounts in the given years regardless of personal longevity.
61 Op. Att'y Gen. 165 (1972) and 61 Op. Att'y Gen. 403 (1972), the two opinions cited in the above quotation, appear to be directly responsive to your request. Both concluded that a county board may not establish a step-salary program for the district attorney, who at that time was paid with county funds.
Your third question is addressed in two prior attorney general opinions. In 69 Op. Att'y Gen. 1, 3 (1980), the provisions of sections 59.15 (1)(a)1. and 66.197 were harmonized in the following fashion:
 Under this interpretation an increase occurring between the earliest date for filing nomination papers and the taking of the oath by the newly elected county official applies to the incumbent only. Further action of the county board to increase the salary of the newly elected official is required even if he/she is reelected.
As the quoted language indicates, the fact situation presented in that opinion involved an increase granted to two elected county officials after the date for filing nomination papers for the ensuing term had passed, but prior to the date their successors assumed office. The result was that the newly-elected officials received less compensation than had been granted to their predecessors during the preceding term. If the increases discussed in that opinion had been granted prior to the *Page 263 
earliest date for filing nomination papers for the ensuing term, they would have been effective for all future terms, unless the county board had specified otherwise: "The compensation established . . . shall remain for ensuing terms unless changed by the board." Sec. 59.15 (1)(a)1., Stats. See 45 Op. Att'y Gen. 166, 167 (1956).
The mode of statutory construction employed in 69 Op. Att'y Gen. 1 requires that the provisions of sections 59.15 (1)(a)1. and 66.197 be harmonized. Under the express terms of section 66.197, however, harmonization with that statute is required only if there is "[an]other provision of law to the contrary. . . ." Section 59.15 (1)(a)1. provides that the "compensation established shall not be increased nor diminished during the officer's term." Section 66.197 modifies this language by permitting increases during the term for those county officials that do not participate in determining their own salaries, if those increases are consistent with the budgetary provisions of section 65.90 (5). No language in section 66.197 permits the county board to decrease an elected county official's compensation during his or her term of office under any circumstances. That portion of section 59.15 (1)(a) that prohibits diminution of compensation during the officer's term therefore must be given effect: "Moreover, the increase having once been granted under sec. 66.195, it cannot thereafter be decreased again during the same term, by reason of the provisions of sec. 59.15 (1)(a). In other words, there can be increases but no decreases." 45 Op. Att'y Gen. at 167.
I therefore conclude that discretionary authority to grant increases to elected county officials based upon the performance or length of service of the incumbent may not be delegated to a committee of the county board, and that the compensation of elected county officials who do not participate in establishing their own salaries may be increased but not decreased during their terms of office.
JED:FTC *Page 264