Mr. Larry E. Nelson Corporation Counsel Iowa County 222 North Iowa Street Dodgeville, Wisconsin 53533
Dear Mr. Nelson:
You indicate that your county board desires that its personnel committee, which is a committee of the county board, have the authority to remove the director of social services. Your letter raises two separate but related questions concerning the appointment, supervision and removal of a county social services director in a county which does not have a county executive or county administrator.
The first question is whether the personnel committee currently possesses the statutory authority to remove the social services director. In my opinion, the answer is no.
The second question is whether a county board in a county which does not have a county executive or county administrator may, under section 59.025, Stats., transfer the authority to appoint, supervise and remove the social services director from the social services board to a committee of the county board. In my opinion, the answer to that question is also no.
Section 17.10 provides in part:
Removal of appointive county officers.
. . . . *Page 146 
 (6) OTHERS. (a) Except as provided under par. (b), all other appointive county officers may be removed at pleasure by the officer or body that appointed them. Removals by a body, other than the county board, consisting of 3 or more members may be made by an affirmative vote of two-thirds of all the members thereof.
 (b) The following appointive county officers may be removed for cause only:
. . . .
 2. Any person appointed to administer services under s. 46.22, 46.23, 51.42 or 51.437.
 (7) GENERAL EXCEPTION. County officers appointed according to merit and fitness under and subject to a civil service law, or whose removal is governed by such a law, shall be removed only as therein provided.
Section 46.22(1) provides in part:
 (b) Powers and duties. The county department of social services shall have the following functions, duties and powers in accordance with the rules promulgated by the department of health and social services and subject to the supervision of the department of health and social services:
. . . .
 (d) Merit system, records. The county department of social services is subject to s. 49.50(2) to (5). The county department of social services and all county officers and employes performing any duties in connection with the administration of aid to the blind, old-age assistance, aid to families with dependent children and aid to totally and permanently disabled persons shall observe all rules promulgated by the department of health and social services under s. 49.50(2) and shall keep records and furnish reports as the department of health and social services requires in relation to their performance of such duties. *Page 147 
Section 46.22(1m)(b)2. provides:
 In any county with a county executive or county administrator which has established a single-county department of social services, the county executive or county administrator shall appoint, subject to confirmation by the county board of supervisors, the county social services board, which shall be only a policy-making body determining the broad outlines and principles governing the administration of programs under this section.
Section 46.22(2) provides in part:
 POWERS AND DUTIES OF COUNTY SOCIAL SERVICES BOARD IN CERTAIN COUNTIES. A county social services board elected or appointed under sub. (1m)(b)1 [counties without a county executive or county administrator] and 3 shall:
. . . .
 (b) Appoint the county social services director under sub. (3) subject to s. 49.50(2) to (5) and the rules promulgated thereunder and subject to the approval of the county board of supervisors in a county with a single-county department of social services or the county boards of supervisors in counties with a multicounty department of social services.
 (c) Supervise the working of the county department of social services and shall be a policy-making body determining the broad outlines and principles governing the administration of the functions, duties and powers assigned to the county department of social services under sub. (1)(b) and (c).
. . . .
 (n) Assume the powers and duties of the county department of social services under sub. (1)(b) to (e). *Page 148 
Section 46.22(3m)(a) provides in part:
 In any county with a county executive or a county administrator which has established a single-county department of social services, the county executive or county administrator, subject to s. 49.50(2) to (5) and the rules promulgated thereunder, shall appoint and supervise the county social services director.
Section 49.50 provides in part:
 (2) RULES; MERIT SYSTEM. The department shall promulgate rules for the efficient administration of aid to families with dependent children in agreement with the requirement for federal aid, including the establishment and maintenance of personnel standards on a merit basis. The provisions of this section relating to personnel standards on a merit basis supersede any inconsistent provisions of any law relating to county personnel. This subsection shall not be construed to invalidate the provisions of s. 46.22(1)(d).
. . . .
 (5) COUNTY PERSONNEL SYSTEMS. Pursuant to rules promulgated under sub. (2), the department where requested by the county shall delegate to that county, without restriction because of enumeration, any or all of the department's authority under sub. (2) to establish and maintain personnel standards including salary levels.
Wisconsin Administrative Code § HSS 5.06(2)(b) (1987) provides: "Employes who have completed a fixed probationary period shall not be discharged except for good cause. Grounds for discharge include, but are not limited to, inefficiency, neglect of duty, official misconduct or malfeasance in office."
With respect to both questions presented, under section17.10(6)(b)2., the social services director may be removed only for cause. Under Wisconsin Administrative Code § HSS 5.06(2)(b), a social services director hired on the basis of merit who has completed a fixed probationary period may be removed *Page 149 
only for "good cause" which includes conduct such as "inefficiency, neglect of duty, official misconduct or malfeasance in office." My understanding is that the county board is not proposing to alter the applicable standard of removal for the position of social services director.
As to your first question, under section 17.10(6), the authority to remove appointive county officers is vested in the officer or body which appoints them. Section 46.22(2)(b) provides that, in a county which does not have a county executive or county administrator, the social services board is vested with the authority to "[a]ppoint the county social services director under sub. (3) subject to s. 49.50(2) to (5) . . . ." In such a county, neither the county board itself nor any of its committees possesses the statutory authority to appoint or remove the social services director. See 65 Op. Att'y Gen. 163 (1976); 62 Op. Att'y Gen. 114 (1973); 46 Op. Att'y Gen. 137 (1957); 44 Op. Att'y Gen. 262 (1955). The answer to your first question therefore is that the personnel committee does not currently possess the statutory authority to remove the social services director.
Your second question requires interpretation of the scope of sections 59.025 and 59.07 (intro). Section 59.025 provides: "Administrative home rule. Every county may exercise any organizational or administrative power, subject only to the constitution and any enactment of the legislature which is of statewide concern and which uniformly affects every county." Section 59.07 (intro) provides:
 General powers of board. The board of each county shall have the authority to exercise any organizational or administrative power, subject only to the constitution and any enactment of the legislature which grants the organizational or administrative power to a county executive or county administrator or to a person supervised by a county executive or county administrator or any enactment which is of statewide concern and which uniformly affects *Page 150 
every county. Any organizational or administrative power conferred under this section shall be in addition to all other grants. A county board may exercise any organizational or administrative power under this section without limitation due to enumeration.
These provisions, like all other provisions in chapter 59, are to "be liberally construed in favor of the rights, powers and privileges of counties to exercise any organizational or administrative power." Sec. 59.026, Stats. Although a liberal construction is required under section 59.026, section 59.025 contains explicit limitations on the exercise of home rule powers by counties.
The language contained in sections 59.025 and 59.07 (intro) is "`modeled after municipal home-rule language used in the constitution and statutes.'" 77 Op. Att'y Gen. 113, 114 (1988). Cases interpreting these municipal home rule provisions indicate that administrative home rule may not be exercised to elect against any enactment of the Legislature which is primarily a matter of statewide concern or against any enactment of the Legislature which is a matter of primarily local rather than statewide concern, if such a local enactment uniformly affects every municipality:
 In determining whether or not a municipality may elect against a statute, the statute must first be classified as one which is exclusively of statewide concern, one which is entirely of local character or one which cannot be fit exclusively into one of these categories.
 If the provisions of the statute are of statewide concern . . . home rule . . . grants no power . . . to deal with it. If the provisions concern a purely local affair, a municipality may elect not to be bound. If the statute is in the third, "mixed bag," category, the test is whether the statute is "primarily or paramountly a matter of `local affairs and *Page 151 
government' under . . . home rule . . . or of `state-wide concern.'"
Gloudeman v. City of St. Francis, 143 Wis.2d 780, 789,422 N.W.2d 864 (Ct.App. 1988) (footnotes omitted), quoting State exrel. Michalek v. LeGrand, 77 Wis.2d 520, 526-28, 253 N.W.2d 505
(1977).
In West Allis v. Milwaukee County, 39 Wis.2d 356, 366,159 N.W.2d 36 (1968), the Wisconsin Supreme Court rejected the claim that where certain statutes "apply only to Milwaukee County" the state "must yield to the constitutional right of municipalities to determine their local affairs and government." Instead, the court held that such municipal home rule powers may be exercised in such circumstances only if the statutory scheme involving Milwaukee County is an enactment primarily of local concern:
 The home-rule amendment does not limit the right of the legislature to deal with matters of statewide concern, even if, in so dealing, some cities and not others are affected. If, however, the matter enacted by the legislature is primarily of local concern, a municipality can escape the strictures of the legislative enactment unless the enactment applies with uniformity to every city and village.
West Allis, 39 Wis.2d at 366. Also see Thompson v. KenoshaCounty, 64 Wis.2d 673, 687, 221 N.W.2d 845 (1974) ("Where a statute confers equal legal powers, that would seem sufficient to satisfy the uniformity requirement").
Sections 59.025 and 59.07 (intro) "reflect a legislative intent to allow county governments to act on matters of local concern in any manner they deem appropriate." Hart v. Ament,176 Wis.2d 694, 702, 500 N.W.2d 312 (1993). In every county which has a social services director, however, the administrative authority to appoint, supervise and remove the director rests in the same officer or entity. See secs. 17.10(6), 46.22(2)(b) and46.22(3m)(a), Stats. That is apparently why the county board has proposed to you that its personnel committee assume the *Page 152 
authority not only to remove, but also to appoint and supervise the social services director.[1] Whether or not they uniformly affect every county, I therefore must determine if these statutory provisions concerning the appointment, supervision and removal of the social services director are enactments which are primarily of statewide concern. If so, such authority may not be transferred under section 59.025.
It must be recognized that there are certain difficulties in affording broad administrative home rule powers to counties, since "[a] county . . . is created almost exclusively in the view of the policy of the state at large for purposes of political organization and civil administration in matters of stateconcern." Columbia County v. Wisconsin Retirement Fund, 17 Wis.2d 310,317, 116 N.W.2d 142 (1962) (emphasis supplied). In Stateex rel. Bare v. Schinz, 194 Wis. 397, 400-01, 216 N.W. 509
(1927), the court held that a county
 is a governmental agency of the state, performing primarily the functions of the state locally. It so acts for the state in the administration of justice; in the establishment of almshouses and other charitable institutions; in maintaining insane asylums and penal institutions. It is not created for the local convenience of the inhabitants as in the case of cities and villages. It exists not by virtue of its own will or consent, but as a result of the superimposed will of the state.
(Emphasis supplied). See Dane County v. H SS Dept., 79 Wis.2d 323,330, 255 N.W.2d 539 (1977). In addition, neither the court of appeals nor the supreme court has ever had occasion to determine, in any published decision, the scope to be accorded to sections 59.025 and 59.07 (intro) in connection with any claim *Page 153 
that a county has elected against an enactment of statewide concern. See Hart, 176 Wis.2d 694, and Harbick v. MarinetteCounty, 138 Wis.2d 172, 405 N.W.2d 724 (Ct.App. 1987).
Although the Legislature sometimes explicitly states that a particular enactment involves a matter of statewide concern, in the majority of cases such a determination is made by the court itself. See, e.g., Gloudeman, 143 Wis.2d at 789-90, and VanGilder v. Madison, 222 Wis. 58, 73, 267 N.W. 25, on reh.,268 N.W. 108 (1936). In general, enactments concerning public health, safety, welfare and education are matters of statewide concern.See Wisconsin Solid Waste Recycling Auth. v. Earl, 70 Wis.2d 464,481, 235 N.W.2d 648 (1975); State ex rel. Warren v. Nusbaum,59 Wis.2d 391, 422, 208 N.W.2d 780 (1973); West Milwaukee v.Area Bd. Vocational, T. A. Ed., 51 Wis.2d 356, 376,187 N.W.2d 387 (1971); State ex rel. La Follette v. Reuter, 33 Wis.2d 384,397, 147 N.W.2d 304 (1967); State ex rel. Martin v. Juneau,238 Wis. 564, 570-71, 300 N.W. 187 (1941); Van Gilder,222 Wis. at 84. However, in a different but related context, the Wisconsin Supreme Court has indicated that "most legislation is enacted under the state's relatively generic police power to protect or preserve the state's concern in the safety, health, welfare, morals, and security of the state's citizens." Milwaukee Brewersv. DH SS, 130 Wis.2d 79, 113, 387 N.W.2d 254 (1986). Although different policy considerations were involved in that case than are involved here, Brewers, 130 Wis.2d at 113, does suggest that not every enactment dealing with each of these topics is a matter of statewide concern, that "[sole] reliance on the relatively generic nature of the statewide concern [i]s insufficient" and that each enactment must be examined with some degree of particularity.
In Van Gilder, 222 Wis. at 81-82, the court expressed its concern that no test had been established for determining whether a matter is primarily of statewide or local concern. But various opinions of the attorney general have repeatedly concluded that the organizational structures of county social services and human *Page 154 
services boards and departments are matters exclusively or primarily of statewide concern. See 65 Op. Att'y Gen. 40, 41 (1976); OAG 33-75 (September 4, 1975) (unpublished); 63 Op. Att'y Gen. 580, 583 (1974) and the opinions cited in response to your first question. While the reasoning in these opinions does not contain the degree of analysis employed in the court's later decision in Brewers, in my opinion their conclusion that the organizational structures of such entities are matters primarily of statewide concern is correct.
Such organizational statutes involve county performance of a state function. Cf. 70 Op. Att'y Gen. 226, 227 (1981). That function, the provision of welfare, is itself indisputably a matter of statewide concern. Schinz, 194 Wis. at 401. That function is performed under extensive state supervision. Sec.46.22(1)(b), Stats. See Kenosha County C.H. Local v. KenoshaCounty, 30 Wis.2d 279, 283, 140 N.W.2d 277 (1966) ("[state's] overall plan to coordinate the administration of welfare aids"); 59 Op. Att'y Gen. 126 (1970); and 39 Op. Att'y Gen. 403 (1950). The existence of active state supervision is an important factor in determining whether a statutory enactment of an organizational nature is a matter of statewide concern. See Thompson,64 Wis.2d at 685.
It is true that, even though the social services director is supervised by the social services board, "the county board of public welfare [now social services] is under the general budgetary control of the county board of supervisors and that the members of the county board of public welfare [now social services] are chosen by the county board of supervisors." KenoshaCounty, 30 Wis.2d at 283. But it is equally true that the detail and complexity of the statutes relating to the organization of social services and human services boards and departments are indicative of legislative intent to prescribe the precise organizational structure of the chain of command between the Department and county agencies. In my opinion, that *Page 155 
organizational structure is therefore a matter of statewide concern.
In addition, in the vast majority of states, there is no county administration of federal categorical aids programs. If the combined authority to appoint, supervise and remove the social services director is a matter primarily of local concern, then the general authority and control of the state would have no bearing on which county officer or entity such authority could be transferred to under section 59.025. See Van Gilder,222 Wis. at 82. Such authority could be transferred to any board or commission which performs any other county function, even if that function has no logical connection whatsoever with the delivery of social services. I am of the opinion that the Legislature did not intend to relinquish to county boards the authority to specify that any county officer or entity whatsoever may appoint, supervise and remove the social services director. The answer to your second question therefore is that the county board may not transfer the authority to appoint, supervise and remove the social services director from the social services board to a committee of the county board.
I therefore conclude that, in a county which does not have a county executive or county administrator, the personnel committee of a county board does not possesses the statutory authority to remove the county social services director and that the county board in such a county may not, under section 59.025, transfer the authority to appoint, supervise and remove the social services director from the social services board to a committee of the county board because the statutes concerning the exercise of such authority are enactments primarily of statewide concern.
Sincerely,
 James E. Doyle Attorney General
JED:FTC:vmz
[1] Although you refer to the county board's plan as a proposed delegation of authority, it is more properly characterized as a proposed transfer of authority. Since the county board itself does not currently possess the authority to terminate the social services director, it lacks the ability to delegate such authority to one of its committees. See 80 Op. Att'y Gen. 258 (1992). *Page 156