Robert GLOUDEMAN and Betty Gloudeman,
Plaintiffs-Appellants,

v.

CITY OF ST. FRANCIS and Marvin Zetley,
Defendants-Respondents.

Court of Appeals

*No. 87–0964. Submitted on briefs January 5, 1988.—Decided
March 1, 1988.*

(Also reported in 422 N.W.2d 864.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Adelman & Adelman* by *Elizabeth Adelman,* of Milwaukee.

For the defendant-respondent City of St. Francis the cause was submitted on the briefs of *Staats & Staats* by *Richard H. Staats,* city attorney, of Cudahy.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. Robert and Betty Gloudeman (the Gloudemans) appeal from a summary judgment dismissing their claim for a declaratory judgment and

injunctive relief. We reverse the decision of the trial court and remand the cause with directions.

In 1985, Marvin Zetley (Zetley) bought property in the city of St. Francis (the City) on which there was an existing nursing home. Part of his purchase was an undeveloped lot approximately 140 feet by 160 feet which was zoned "R2" for single family or duplex construction. Zetley petitioned the City to allow him to build a three-story adult occupancy apartment house by changing the zoning of this lot to a "planned development district." The City enacted St. Francis, Wis., Ordinance 623 (Feb. 18, 1986) authorizing planned development districts. The City then enacted St. Francis, Wis., Ordinance 628 (April 1, 1986) rezoning Zetley's land to a planned development district thereby authorizing him to construct a three-story, thirty-nine unit apartment house.

The Gloudemans, who live adjacent to Zetley's land, sought declaratory and injunctive relief against the planned development district. As grounds for relief, the Gloudemans claimed that the City failed to comply with the notice requirements of sec. 62.23(7)(d)1. and 2., Stats. They also claimed that the zoning change constituted illegal spot zoning and that the City had entered into an illegal zoning contract with Zetley.

After all the pleadings were filed, the Gloudemans, the City and Zetley separately moved for summary judgment. The trial court granted summary judgment to the City and Zetley on all the issues and dismissed the Gloudemans' complaint. The Gloudemans appeal from this judgment.

When there are no material issues of fact and a party is entitled to judgment as a matter of law,

summary judgment is appropriate.[1] Appellate courts decide questions of law independently and give no deference to the decisions of a trial court.[2] The construction of statutes is a question of law.[3]

Locally zoned planned development districts are authorized by statute.[4] However, zoning ordinance amendments authorizing a planned development district and ordinances which change the zoning classification of a specific parcel of land must comport with statutory notice requirements.[5] Since the public had a right to appear and voice objections to the proposed ordinance,[6] failure to comply with the notice of hearing statutes renders an ordinance void.[7]

Section 62.23(7)(d)2., Stats., requires that a Class 2 notice be given before any amendments to a zoning ordinance may be adopted.[8] A Class 2 notice requires

[1]Sec. 802.08(2), Stats.

[2]*Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

[3]*Laskaris v. City of Wisconsin Dells, Inc.,* 131 Wis. 2d 525, 531, 389 N.W.2d 67, 70 (Ct. App. 1986).

[4]Sec. 62.23(7)(b), Stats.

[5]*See* 8A E. McQuillin, The Law of Municipal Corporations, sec. 25.249 (3rd ed. 1986); *State ex rel. Ryan v. Pietrzykowski* 42 Wis. 2d 457, 463, 167 N.W.2d 242, 245 (1969).

[6]*Edelbeck v. Town of Theresa,* 57 Wis. 2d 172, 179, 203 N.W.2d 694, 697 (1973).

[7]*See* 5 E. McQuillin, The Law of Municipal Corporations, sec. 16.78 (3rd ed. 1981).

[8]Section 62.23(7)(d)2., Stats., states:

The council may adopt amendments to an existing zoning ordinance . . . *after providing the notices as required in subd. 1.b* of the proposed amendments and hearings thereon. [Emphasis added.]

Subdivision 1.b. states:

that two newspaper notices be published one week apart and that a hearing be held on the proposed zoning change at least one week after the last notice.[9]

■

There is no dispute in this case that the notice given concerning the proposed planned development district ordinance (No. 623) was published only once and that the public hearing was held eleven days after the publication. Since the notice provisions of sec. 62.23(7)(d), Stats., were not complied with in enacting St. Francis, Wis., Ordinance 623 (Feb. 18, 1986), that ordinance is void.

There is also no dispute that the ordinance dedicating Zetley's lot from R2 residential zoning to a planned development district (No. 628) was preceded by two consecutive weekly newspaper notices. However, the public hearing was held only four days after the last notice. Again, this notice and hearing did not comport with the sec. 62.23(7)(d), Stats., requirements.

b. The council may make changes ... and after publishing a *class 2 notice, under ch. 985,* of the proposed changes and hearings thereon as well as notice to the clerk of any contiguous municipality as required in subd. 1.a. [Emphasis added.]

[9]Section 985.07, Stats., states:

There shall be 3 classes of legal notices under this chapter. The designated number of insertions is the minimum required by law, and the frequency may be increased at the discretion of the requisitioning agency.

. . . .

(2) Class 2 Notices. All notices designated as class 2 notices require 2 insertions.

Section 985.01(1), Stats., defines insertion:

"Insertion" when used to indicate the publication of a legal notice more than one time, means once each week for consecutive weeks, the last of which shall be at least one week before the act or event, unless otherwise specified by law.

Thus, St. Francis, Wis., Ordinance 628 (April 1, 1986) is also void.

Zetley argues that even if the notices given by the City did not comport with the requirements of sec. 62.23(7)(d), Stats., the ordinances were still validly enacted because the notices complied with St. Francis, Wis., Ordinance 239.17 (Oct. 6, 1964). Ordinance 239.17(1) provides:

> The Common Council may from time to time on its own motion or on petition after first submitting the proposal to the City Plan Commission, amend, supplement or change the district boundaries or the regulations herein or subsequently established upon giving at least 10 days [notice], of the proposed amendment, supplement or changes and of hearing thereon, and opportunity to any person interested to be heard.

Since this zoning ordinance concerns only local matters, Zetley argues, the City properly exercised its home rule powers in enacting its own notice requirements. We disagree for two reasons.

First, the procedures used by the City in exercising its home rule powers by electing not to be bound by the statutory notice requirements were improper. Article XI, section 3 of the Wisconsin Constitution, the home rule amendment, states in part:

> Cities and villages organized pursuant to state law may determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of statewide concern as with uniformity shall affect every city or every village. The method of such determination shall be prescribed by the legislature.

The manner for exercising these home rule powers is prescribed in sec. 66.01, Stats.[10] The relevant portion of sec. 66.01 states:

> (1) Under article XI, section 3, of the constitution, the method of determination of the local affairs and government of cities and villages shall be as prescribed in this section.
>
> ....
>
> (4) Any city or village may elect in the manner prescribed in this section that the whole or any part of any laws relating to the local affairs and government of such city or village other than such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village shall not apply to such city or village, and thereupon such laws or parts thereof shall cease to be in effect in such city or village.
>
> (5) Any city or village *by charter ordinance* may make the election mentioned in sub. (4) of this section, or enact, amend or repeal the whole or any part of its charter; but such ordinance shall not take effect until 60 days after its passage and publication. If within such 60 days a petition signed by a number of electors of the city or village equal to not less than 7% of the votes cast therein for governor at the last general election shall be filed in the office of the clerk of said city or village demanding that such ordinance be submitted to a vote of the electors it shall not take effect until submitted to a referendum and approved by a majority of the electors voting thereon. Said petition and the proceedings for its submission shall be governed by s. 9.20(2) to (6). [Emphasis added.]

---

[10]*Save our Fire Dep't v. City of Appleton,* 31 Wis. 2d 366, 373, 389 N.W.2d 43, 46 (Ct. App. 1986).

■ "A charter ordinance is any ordinance that 'enacts, amends or repeals the whole or any part of [a municipal] charter' or that deems state laws relating to purely local concerns to be inapplicable."[11] The provisions of sec. 66.01, Stats., are mandatory. These provisions make it clear that

> a city or village is to manifest its election not to be governed by a state law *by the passage of a charter ordinance.* The legislature intended the constitutional right "to determine their local affairs and government" to be exercised *by the passage of a charter ordinance* electing not to be governed by a legislative enactment that would otherwise limit municipal activity.[12]

In fact, a charter ordinance is the only way to exercise a municipality's home rule powers.[13]

■ It is undisputed that St. Francis, Wis., Ordinance 239.17 (Oct. 6, 1964), which provided the ten-day notice provision, was not a charter ordinance. Because this ordinance fails to comply with its enabling statute, it is invalid.[14] Therefore, St. Francis, Wis., Ordinance 623 (Feb. 18, 1986) and St. Francis, Wis., Ordinance 628 (April 1, 1986), enacted pursuant to the notice provisions of Ordinance 239.17, are also invalid.

---

[11]*Id.* at 374, 389 N.W.2d at 46 (brackets in original).

[12]*City of West Allis v. Milwaukee County,* 39 Wis. 2d 356, 367–68, 159 N.W.2d 36, 41–42 (1968) (emphasis added).

[13]*Id.* at 368, 159 N.W.2d at 42; *see also Village of Menomonee Falls v. D.N.R.,* 140 Wis. 2d 579, 596 n.7, 12 N.W.2d 505, 512 n.7 (Ct. App. 1987).

[14]*See Laskaris,* 131 Wis. 2d at 531, 389 N.W.2d at 70 (Ct. App. 1986).

The second reason that St. Francis, Wis., Ordinance 239.17 (Oct. 6, 1964) is invalid is that the City had no authority to elect against the notice provisions of sec. 62.23(7)(d), Stats. The home rule amendment provides that a city or village may determine its own "local affairs" by electing not to be bound by a statute which is not of "statewide concern." In determining whether or not a municipality may elect against a statute, the statute must first be classified as one which is exclusively of statewide concern, one which is entirely of local character or one which cannot be fit exclusively into one of these categories.[15]

If the provisions of the statute are of statewide concern, the home rule amendment grants no power to a municipality to deal with it.[16] If the provisions concern a purely local affair, a municipality may elect not to be bound.[17] If the statute is in the third, "mixed bag," category, the test is whether the statute is "primarily or paramountly a matter of 'local affairs and government' under the home rule amendment or of 'state-wide concern.'"[18]

Applying this test to sec. 62.23(7)(d), Stats., we hold that the notice provisions are primarily of statewide concern and, therefore, may not be elected against by a municipality. Notice and hearing provisions are invariably intertwined with due process considerations. The legislature, in enacting sec. 62.23(7)(d), has attempted to protect this right to due

---

[15]*State ex rel. Michalek v. LeGrand,* 7 Wis. 2d 520, 526–27, 253 N.W.2d 505, 507 (1977).

[16]*Van Gilder v. City of Madison,* 222 Wis. 58, 83, 267 N.W. 25, 35 (1936).

[17]Sec. 66.01(4), Stats.

[18]*Michalek,* 77 Wis. 2d at 527–28, 253 N.W.2d at 507.

process by requiring an adequate notice and hearing before a change in municipal zoning could affect the character of a neighborhood. The City of St. Francis cannot by ordinance overrule the legislature's safeguarding of this constitutional right.

Since sec. 62.23(7)(d), Stats., relates to a matter of statewide concern, the conflicting provisions of St. Francis, Wis., Ordinance 239.17 (Oct. 6, 1964) are void. St. Francis, Wis., Ordinance 623 (Feb. 18, 1986) and St. Francis, Wis., Ordinance 628 (April 1, 1986), because they were enacted pursuant to these conflicting provisions, are also void.[19] We therefore reverse the decision of the trial court and remand with directions to vacate the summary judgments in favor of the City and Zetley, and to grant summary judgment to the Gloudemans. We further direct the trial court to enter an order enjoining Zetley from using his land in conformance with Ordinance 623 and Ordinance 628.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[19]Because we have held that the St. Francis ordinances are void, we need not address the other issues raised in the parties' briefs.