LAKE BLUFF HOUSING PARTNERS, Plaintiff-Respondent,

v.

CITY OF SOUTH MILWAUKEE, Defendant-Appellant.

Court of Appeals

*No. 97–1339. Oral argument August 27, 1998.—Decided
September 29, 1998.*

(Also reported in 588 N.W.2d 45.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Joseph G. Murphy*, city attorney for the City of South Milwaukee, of South Milwaukee. There was oral argument by *Joseph G. Murphy*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Alan Marcuvitz* and *Debra A. Slater* of *Weiss, Berzowski, Brady & Donahue*, of Milwaukee. There was oral argument by *Alan Marcuvitz* and *Debra A. Slater*.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J. The City of South Milwaukee appeals the trial court's grant of summary judgment in favor of Lake Bluff Housing Partners declaring that South Milwaukee is estopped from revoking building and occupancy permits issued for property constructed by Lake Bluff in violation of the applicable South Milwaukee zoning regulations, and enjoining South Milwaukee from "issuing any orders directing Lake Bluff to remove" the non-conforming structures. We reverse and remand.

# I.

The facts material to this appeal are not in dispute, and were the subject of an earlier appeal, *Lake Bluff Housing Partners v. City of South Milwaukee*, 197 Wis. 2d 157, 540 N.W.2d 189 (1995), *rev'g* 188 Wis. 2d 230, 525 N.W.2d 59 (Ct. App. 1994). In essence, Lake Bluff wanted to build a multi-family housing development that would qualify for low-income housing tax credits administered by the Wisconsin Housing and Economic Development Authority. *Id.*, 197 Wis. 2d at 161, 540 N.W.2d at 190. Before building permits were issued, however, the land on which Lake Bluff wanted to build its project was rezoned to single-family use in order to prohibit the proposed multi-family housing. *Id.*, 197 Wis. 2d at 163–166, 540 N.W.2d at 191–192. Lake Bluff sued, arguing that it had vested rights in the prior zoning classification. *Id.*, 197 Wis. 2d at 166–167, 540 N.W.2d at 192. The trial court agreed, and issued a writ of mandamus directing South Milwaukee's building inspector to issue permits necessary for the project's construction.[1] *Id.*, 197 Wis. 2d at 168–169, 540 N.W.2d at 193. The supreme court held

---

[1] South Milwaukee's building inspector issued the building permits with the following note: "Issued per Writ of Mandamus dated 4–29–94 by Judge John E. McCormick." The occupancy permits were similarly qualified:

ADDENDUM TO OCCUPANCY PERMIT

This permit is issued in compliance with the order issued by Judge John McCormick in the Case of Lake Bluff Housing Partners v. City of South Milwaukee Case No. 94 CV 003003 and is subject to modification or recision [*sic*] in the event that order is modified or overturned on appeal.

(Uppercasing in original.) There is thus no merit to Lake Bluff's contention that they were lulled into believing that South Milwaukee approved the project by issuing the occupancy permits.

that Lake Bluff did not have vested rights in the original zoning classification "because it never submitted an application for a building permit conforming to the zoning and building code requirements in effect at the time of the application," and directed that the trial court "quash the writ." *Id.*, 197 Wis. 2d at 182, 540 N.W.2d at 199.

By the time the supreme court's decision was issued in 1995, Lake Bluff finished building its project, and, as a consequence, Lake Bluff was able to take advantage of the tax credits allocated for the development. Fearing that South Milwaukee would try to have the development razed, Lake Bluff brought this declaratory-judgment action seeking an order that South Milwaukee was "equitably estopped from revoking the building permits issued to Lake Bluff," and enjoining South Milwaukee from "issuing raze orders" for the project. As noted, the trial court granted Lake Bluff its requested relief.

## II.

 This case was decided on cross-motions for summary judgment. Our review of a trial court's grant of summary judgment is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Although Lake Bluff argues that the trial court's judgment was an exercise of its discretion, and, therefore, that our review should be limited to whether the trial court erroneously exercised its discretion, this contention begs the question; a trial court erroneously exercises its discretion when it misconstrues the law, *Lievrouw v. Roth*, 157 Wis. 2d 332, 358–359, 459 N.W.2d 850, 859–860 (Ct. App. 1990) (trial court's discretionary determination will be

upheld if "consistent with the facts of record and established legal principles"), and we decide *de novo* legal questions, *see Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). This appeal presents only questions of law.

The law in this state is settled that "a building permit grants no right to an unlawful use." *Lake Bluff*, 197 Wis. 2d at 180, 540 N.W.2d at 198. Additionally, South Milwaukee's issuance of the permits did not waive its obligation to enforce its zoning regulations. *Id.*, 197 Wis. 2d at 181, 540 N.W.2d at 198. As noted, "Lake Bluff obtained no vested rights [under the earlier zoning regulation], because it never submitted an application for a building permit conforming to the zoning and building code requirements in effect at the time of the application." *Id.*, 197 Wis. 2d at 182, 540 N.W.2d at 199.

The zoning regulations at issue here were promulgated by South Milwaukee under the authority granted to it by § 62.23, STATS. Section 62.23(8), STATS., specifically recognizes that structures that do not comply with local zoning regulations are subject to being razed:

> Any building erected, constructed or reconstructed in violation of . . . regulations adopted pursuant [to § 62.23] shall be deemed an unlawful structure, and the building inspector or city attorney or other official designated by the [city] council may bring [an] action to enjoin such erection, construction or reconstruction, or cause such structure to be vacated or removed . . . . In case any building or structure is . . . erected, constructed or reconstructed . . . in violation of . . . regulations adopted pursuant [to § 62.23], the building inspector or the city attorney . . . may, in addition to other remedies provided by law, institute injunction, mandamus,

abatement or any other appropriate action or proceeding to . . . abate or remove such unlawful erection, construction or reconstruction.

Lake Bluff gambled on a favorable outcome of the prior litigation. It lost. It seeks to retain the benefit of its gamble, nevertheless, and avoid the mandate of § 62.23(8) because it completed the development while the lawfulness of that development was being litigated and South Milwaukee did not seek a stay of the trial court's order pending appeal. This it may not do.

As noted, it is settled in Wisconsin that construction in violation of a zoning classification is unlawful—even when construction is authorized by a building permit issued voluntarily by the appropriate authorities. *Lake Bluff*, 197 Wis. 2d at 180, 540 N.W.2d at 198 ("[E]ven if the City had issued the requested building permit, that permit could not have authorized Lake Bluff to develop its property in conformity with the application filed August 5th, because a building permit grants no right to an unlawful use."). Further, those who build in violation of lawful zoning regulations have no refuge from the requirements of § 62.23(8), STATS., merely because construction is completed before lawfulness of the regulations is determined. *See Jelinski v. Eggers*, 34 Wis. 2d 85, 93, 148 N.W.2d 750, 755 (1967) ("[A] building permit grants no vested rights to unlawful use . . . . 'This is true regardless of whether or not the holder of the illegal permit has incurred expenditures in reliance thereon.' ") (citations and quoted source omitted); *see also Snyder v. Waukesha County Zoning Bd. of Adjustment*, 74 Wis. 2d 468, 476–477, 247 N.W.2d 98, 103 (1976) (building permit would be void if issued for structure that violates zoning ordinance; property

owner need not have actual knowledge, but is "charged with knowledge of the zoning ordinance"); *cf. State ex rel. Markdale Corp. v. Board of Appeals*, 27 Wis. 2d 154, 158–159, 133 N.W.2d 795, 797 (1965) (hardship resulting from construction pursuant to building permit and pending appeal to board of appeals, which later determined building permit to be invalid, did "not qualify as a hardship from which a board of appeals can grant relief by granting a variance"). A contrary rule would encourage construction in violation of zoning codes—the builder could keep the fruits of its unlawful construction merely by tying the matter up in litigation while it sped completion of its project. *Cf. State ex rel. Brookside Poultry Farms, Inc. v. Jefferson County Bd. of Adjustment*, 131 Wis. 2d 101, 109–110, 388 N.W.2d 593, 596 (1986) (construction pending appeal to board of adjustment). That South Milwaukee did not seek a stay of Judge McCormick's order pending appeal does not change things.

First, we reject Lake Bluff's contention that South Milwaukee is estopped from enforcing § 62.23(8), STATS. Equitable estoppel in land-use cases does not apply against the government unless the government is seeking to negate or modify the landowner's vested rights. *See Zealy v. City of Waukesha*, 194 Wis. 2d 701, 719, 534 N.W.2d 917, 924 (Ct. App. 1995), *rev'd on other grounds*, 201 Wis. 2d 365, 548 N.W.2d 528 (1996). As noted, South Milwaukee's rezoning did not negate or modify any of Lake Bluff's vested rights. *Lake Bluff*, 197 Wis. 2d at 182, 540 N.W.2d at 199. Moreover, erroneous governmental action or inaction does not prevent ultimate redress of the community's rights:

> Zoning ordinances are enacted for the benefit and welfare of the citizens of a municipality. Issu-

ance of an occupancy or building permit which violates such an ordinance not only is illegal *per se*, but is injurious to the interests of property owners and residents of the neighborhood adversely affected by the violation. Thus when the city acts to revoke such an illegal permit it is exercising its police power to enforce the zoning ordinance for the protection of all citizens who are being injured by the violation, and not to protect some proprietary interest of the city. These citizens have a right to rely upon city officials not having acted in violation of the ordinance, and, when such officials do so act, their acts should not afford a basis for estopping the city from later enforcing the ordinance. This is true regardless of whether or not the holder of the illegal permit has incurred expenditures in reliance thereon.

*City of Milwaukee v. Leavitt*, 31 Wis. 2d 72, 78–79, 142 N.W.2d 169, 172–173 (1966).

Second, unless circumstances are altered irretrievably (such as where a building is razed pursuant to an order under § 66.05, STATS.), a party changing its position in reliance on a trial court order or judgment will have to undo the change if the judgment or order is reversed on appeal, even if a stay pending appeal is not sought. *See E.F.S. Ventures Corp. v. Foster*, 514 N.Y.S.2d 981, 986 (N.Y. App. Div. 1987) (construction pending appeal does not prevent enforcement of final decree; stay pending appeal not sought), *rev'd on other grounds*, 520 N.E.2d 1345, 1351–1353 (N.Y. 1988). New York's intermediate appellate court in *E.F.S. Ventures* recognized that a builder who continues with construction in face of a court challenge proceeds at its own risk. *Id.*, 514 N.Y.S.2d at 987 ("the hardship of which the [builder] now complains is attributable to its

conscious decision to proceed . . . [and] complete the project prior to the rendition of a potentially unfavorable judicial determination"). Wisconsin law is the same. *See Jelinski*, 34 Wis. 2d at 93, 148 N.W.2d at 755; *Snyder*, 74 Wis. 2d at 476–477, 247 N.W.2d at 103.[2] Indeed, § 62.23(8), STATS., provides specifically that buildings erected in violation of the applicable zoning regulations are subject to "abate[ment] and remov[al]." We reject Lake Bluff's attempt to circumvent with a *fait accompli* South Milwaukee's lawful zoning regulations.[3]

This, however, does not end the matter. Under *Forest County v. Goode*, 219 Wis. 2d 655, 681–685, 579 N.W.2d 715, 724, 727–729 (1998), the trial court must,

---

[2] *Duncan v. Farm Credit Bank*, 940 F.2d 1099 (7th Cir. 1991), upon which Lake Bluff relies, is similar to the raze-order scenario, and is inapposite. In *Duncan*, an appeal was made moot by the sale to a non-party third person of foreclosed property that was subject to the owner's right of first refusal. *See id.*, 940 F.2d at 1101–1104 (extinguishment of *lis pendens* by operation of final judgment permitted sale of property to third-party free of owner's right of first refusal) (owner did not seek stay of judgment in order to preserve *lis pendens*). As pointed out in the main body of this opinion, the issue of whether construction violates zoning regulations is not made moot by completion of that construction.

[3] We also reject Lake Bluff's claim that its project is entitled to special treatment because the project was granted tax credits under the auspices of Wisconsin Housing and Economic Development Authority. As Lake Bluff admitted in its submission to the trial court, the Authority requires "a developer to indicate whether the site is properly zoned for the project." Moreover, § 62.23(8), STATS., is all-inclusive in authorizing the abatement and removal of buildings that do not comply with the applicable zoning regulations; it makes no exceptions for projects undertaken with the Authority's tax-incentives blessing.

apparently, still balance the competing equities in determining whether an abatement order under § 62.23(8), STATS., is required. We use the word "apparently" because *Goode* interpreted and applied § 59.69(11), STATS., rather than § 62.23(8), STATS., which governs here. *See id.*, 219 Wis. 2d at 663–667, 670, 579 N.W.2d at 720–721, 723. The parties have not briefed, and the trial court has not considered, whether there are any material distinctions between § 59.69(11) and § 62.23(8); therefore, we leave the issue of whether *Goode*'s analysis of § 59.69(11) also applies to an analysis of § 62.23(8) to the trial court's consideration on remand.

█

We remand this matter to the trial court to consider whether *Goode*'s analysis of § 59.69(11), STATS., applies here, and, if so, whether Lake Bluff can marshal a sufficient showing that "there are compelling equitable reasons," *see Goode*, 219 Wis. 2d at 685, 579 N.W.2d at 729, why the trial court should not issue an order of abatement. If the trial court concludes that the *Goode* analysis applies to § 62.23(8), STATS., it should consider the "totality of the circumstances," as explained and defined by the supreme court in *Goode*, to determine whether this is one of "those rare cases" where the requested order of abatement should not be issued. *See id.*

*By the Court.*—Judgment reversed, and cause remanded.