Rosemary K. OLIVEIRA and Shawnette J. Smart, Plaintiffs-Appellants,

Robert E. KLAVETTER, Plaintiff,

v.

CITY OF MILWAUKEE and American Stores Properties, Inc., Defendants-Respondents.†

Court of Appeals

*No. 98–2474. Oral argument January 12, 2000.—Decided February 8, 2000.*

## 2000 WI App 49

(Also reported in 608 N.W.2d 419.)

†Petition to review granted.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Joseph R. Cincotta* of *Schweitzer & Cincotta, LLP*, of Milwaukee. There was oral argument by *Joseph R. Cincotta.*

On behalf of the defendant-respondent City of Milwaukee, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Thomas O. Gartner*, assistant city attorney. There was oral argument by *Thomas O. Gartner.*

On behalf of the defendant-respondent American Stores Properties, Inc., the cause was submitted on the brief of *Ralph A. Weber* and *Bruce T. Block* of *Reinhart,*

*Boerner, Van Deuren, Norris & Rieselbach, S.C.*, of Milwaukee. There was oral argument by *Ralph A. Weber*.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. FINE, J. Rosemary K. Oliveira and Shawnette J. Smart appeal from the trial court's dismissal of their action seeking declaratory and injunctive relief under WIS. STAT. § 806.04 in connection with their opposition to the rezoning of land in the city of Milwaukee to accommodate a store built by American Stores Properties, Inc. Oliveira and Smart live, and Smart owns a business, near the development. Oliveira and Smart claim that: the Milwaukee Common Council violated its own rules in approving the rezoning of the land; the Common Council failed to give the required notice under WIS. STAT. § 62.23(7)(d)2 of the committee meeting at which the rezoning was approved; a protest petition filed by the plaintiffs under WIS. STAT. § 62.23(7)(d)2m.a and Milwaukee Ordinance 295–61(2) required that the zoning ordinance receive at least a three-fourths majority vote of the Common Council, which it did not receive. The trial court determined that the plaintiffs lacked standing to maintain the action, and, additionally, that: the Common Council's rules were not violated; there was sufficient notice of the committee meeting at which the rezoning was approved; and the protest petition was deficient so the three-fourths majority vote was not necessary. We reverse.

## I.

¶ 2. The facts essential to this appeal are not in dispute. American Stores wanted to build a store on vacant land in the city of Milwaukee. Although zoned

for commercial development, the zoning would not permit the project American Stores wanted to build. American Stores sought to rezone the property. In September of 1997, two ordinance files were introduced to accomplish that rezoning. The first, File Number 970857, was designed to remove two existing detailed planned developments for the land. The second, File Number 970859, would implement the rezoning sought by American Stores by changing the zoning from the general planned development envisioned by File Number 970857 to a detailed planned development that would accommodate American Stores's building complex. As required by the Milwaukee Common Council's Rules of Procedure, both files were referred to the standing committee in charge of zoning matters, the Zoning, Neighborhoods and Development Committee.[1] The zoning committee referred both files to the City Plan Commission, which approved the rezoning on January 7, 1998, and sent the matter back to the zoning committee. Under Milwaukee Ordinance 295–814(3), the Common Council has to act on a "planned development application . . . within 90 days of receiving the report from the city plan commission

---

[1] Article V, section 1(7) of the Milwaukee Common Council's Rules of Procedure gives to the Zoning, Neighborhoods and Development Committee jurisdiction over matters pertaining to zoning, city planning, community development, plats and maps, redevelopment project areas, and the like. Article V, section 10 (1), requires, with an exception not relevant to this appeal, that the Common Council president "refer new matters to the appropriate standing committees." Additionally, Article IV, section 2 (1), requires that "[a]ll new matters presented to the city clerk for introduction to the common council shall be printed in the journal of proceedings with referral to an appropriate committee, when applicable, so noted."

unless the applicant agrees to a time extension. Failure of the common council to act within the 90-day period or the agreed extended time shall constitute denial of the application." Thus, unless the Common Council acted on the files within ninety days from January 7, 1998 (April 7, 1998), the application submitted by American Stores would be deemed denied.

¶ 3. The zoning committee held a properly noticed public hearing on the two files in early February of 1998, and committee members voted that both files were to be "held to call of the chair"—effectively taking no action on the files but also not passing them on to the Common Council for a vote by that body. On February 24, 1998, the zoning committee held another public hearing on the two files, and, again, they were "held to call of the chair." According to the transcript of the latter hearing, members voting to hold the matter were hoping that American Stores and those members of the neighborhood who were opposed to the development as submitted by American Stores could work out a compromise on the scope of the project.

¶ 4. On February 24, 1998, the day the zoning committee refused again to release the files, the president of the Common Council wrote a letter to the members of the Common Council threatening to take the American Stores zoning matter from the Zoning, Neighborhoods and Development Committee by the expedient of introducing "a duplicate file and referring the same to the Steering and Rules Committee." The Common Council president's letter further noted: "If the Zoning, Neighborhoods and Development Committee votes to send the proposal to the Common Council at its March 17, 1998 meeting, there will be no need for the Steering and Rules Committee to meet on the issue."

¶ 5.   The Steering and Rules Committee is not a "standing committee" of the Common Council, and its jurisdiction is limited to the following matters: "Extraordinary matters not covered by the responsibility of any standing committee"; "Public relations"; "Rules and procedures of the council"; and "Strategic planning." MILWAUKEE COMMON COUNCIL RULES OF PRO CEDURE art. V, § 2. Although the Common Council's Rules of Procedure provide that the rules may be suspended, "[n]o rules may be suspended, rescinded or amended without the concurrence of 2/3 of the members of the council at the time of the vote." MILWAUKEE COMMON COUNCIL RULES OF PROCEDURE art. VI, § 8. None of the rules relevant to the issues asserted on this appeal was suspended by vote of the Common Council.

¶ 6.   The "duplicate" files, File Numbers 971743 and 971744, were introduced on February 26, 1998, and, as the Common Council president promised, were referred to the Steering and Rules Committee. The Steering and Rules Committee held a public hearing on the files on April 1, 1998, and they were approved on that day. On May 5, 1998, the full Common Council approved the files and the mayor signed them. Although the American Stores project has been built, this case is not moot. *Lake Bluff Housing Partners v. City of South Milwaukee*, 222 Wis. 2d 222, 228, 588 N.W.2d 45, 47 (Ct. App. 1998) (completion of construction in violation of zoning code does not make moot challenge to project).

## II.

¶ 7.   Although Oliveira and Smart raise a number of interesting issues on this appeal, the narrowest dispositive issue is the failure of the Steering and Rules Committee to give the statutorily required notice of the

April 1, 1998, public hearing at which it approved the two "duplicate" files. We thus limit our discussion to this issue. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

■

¶ 8. Under our system of government, the public has a right to know what its officials are doing that affects the common weal. *See Journal/Sentinel, Inc. v. School Board*, 186 Wis. 2d 443, 459, 521 N.W.2d 165, 172 (Ct. App. 1994). Thus, when government action must be preceded by notice of what is proposed, failure to give that notice renders what was done void. *See Gloudeman v. City of St. Francis*, 143 Wis. 2d 780, 784–786, 422 N.W.2d 864, 866 (Ct. App. 1988) (failure to give class 2 notice of rezoning ordinance required by WIS. STAT. § 62.23(7)(d) made ordinance void). As material to this appeal, a "class 2 notice" must be given of a Common Council hearing on zoning.[2] As noted earlier, this notice was given for the hearing on the American

---

[2] WISCONSIN STAT. § 62.23(7)(d)2 provides that a Common Council "may adopt amendments to an existing zoning ordinance" after, among others things not pertinent to this appeal, "providing the notices as required in [WIS. STAT. § 62.23(7)(d)1.b] of the proposed amendments and hearings thereon." WISCONSIN STAT. § 62.23(7)(d)1.b requires a "class 2 notice, under ch. 985." WISCONSIN STAT. § 985.02(1) requires, with an exception not relevant here, that "a legal notice shall be published in a newspaper likely to give notice in the area or to the person affected." A "class 2 notice" requires "2 insertions." WIS. STAT. § 985.07(2). An "insertion," as relevant here, "means once each week for consecutive weeks, the last of which shall be at least one week before the act or event." WIS. STAT. § 985.01(1).

Stores rezoning before the Zoning, Neighborhoods and Development Committee on the American Stores rezoning. It was not given for the hearing on the "duplicate" rezoning files before the Steering and Rules Committee. Oliveira and Smart claim that this makes the rezoning void. This presents a legal issue subject to our *de novo* review. *See Gloudeman,* 143 Wis. 2d at 784, 422 N.W.2d at 866.

¶ 9. As a preliminary matter, although the trial court dismissed the plaintiffs' complaint because of its view that, among other reasons, the plaintiffs lacked standing, both American Stores and the City limit their arguments on standing to whether Oliveira and Smart have the requisite interest to contest the city attorney's opinion that the protest petition was deficient, and to assert that the Common Council did not follow its own rules and procedures when the "duplicate" files were referred to the Steering and Rules Committee even though zoning matters are within the exclusive jurisdiction of the Zoning, Neighborhoods and Development Committee. Neither the City nor American Stores develops any argument that Oliveira and Smart do not have standing to assert a violation of the requirement in WIS. STAT. § 62.23(7)(d) that public hearings on zoning matters considered by the Common Council must be preceded by a "class 2 notice." In the two Wisconsin cases dealing with the alleged failure to give the requisite § 62.23(7)(d) notice, standing was assumed. See *Gloudeman,* relied on by the plaintiffs, and *Herdeman v. City of Muskego,* 116 Wis. 2d 687, 688, 343 N.W.2d 814, 815 (Ct. App. 1983), relied on by the defendants, and analogous authority elsewhere, *cf. Cipperly v. Town of East Greenbush,* 623 N.Y.S.2d 967 (App. Div. 1995) (landowner may assert lack of proper notice to

overturn zoning of his property even though he did not suffer prejudice from the improper notice), as well as Wisconsin's fairly liberal notions of standing, *see Town of Eagle v. Christensen*, 191 Wis. 2d 301, 315–316, 529 N.W.2d 245, 250–251 (Ct. App. 1995). As noted, neither the City nor American Stores points out why those assumptions are wrong. Accordingly, we do not discuss further standing as it relates to the issue of notice. *See Barakat v. Department of Health & Soc. Servs.*, 191 Wis. 2d 769, 786, 530 N.W.2d 392, 398 (Ct. App. 1995) (appellate court need not consider "amorphous and insufficiently developed" arguments).

¶ 10. Although, as we have seen, *Gloudeman* holds that a zoning ordinance approved at a public hearing for which there was either no or improper notice is void, the requirement for notice, as in many areas of the law, is subject to a *de minimis* analysis; that is, in the context of the arguments made in this case, changes in a zoning ordinance adopted after the giving of proper notice that are "not 'substantial' " do not render the ordinance void even though the proceeding at which the changes were made was not preceded by a new notice. *See Herdeman*, 116 Wis. 2d at 688, 343 N.W.2d at 815. American Stores and the City contend that the *Herdeman* rationale applies here. We disagree.

¶ 11. *Herdeman* concerned the rezoning of what had been farm land to permit its development with residential lots. *Id.*, 116 Wis. 2d at 688, 343 N.W.2d at 814. After approval by Muskego's plan commission, the Common Council, in a properly noticed hearing, rejected the rezoning. *Id.*, 116 Wis. 2d at 688, 343 N.W.2d at 815. The rejection was vetoed by the mayor, and the zoning ordinance was returned to the plan commission, which approved it again. *Id.*, 116 Wis. 2d

at 688–689, 343 N.W.2d at 815. In the meantime, the council received a protest petition, which required that any approval by the council be by a three-fourths favorable vote. *Id.*, 116 Wis. 2d at 689, 343 N.W.2d at 815. The developer then filed an amended zoning plan, which created a buffer between the development and the lands owned by the protestors. *Ibid.* The city attorney advised the council that the buffer-zone amendment rendered the protest petition ineffective, and that the rezoning could be approved by a simple majority. *Ibid.* The council then approved the rezoning "[w]ithout posting another publication or holding an additional hearing on the amended ordinance." *Ibid.* We rejected the protestors' argument that the amendment required a new hearing preceded by a new publication. *Id.*, 116 Wis. 2d at 689–690, 343 N.W.2d at 815–816. We held that before the procedural process need be repeated as the result of an amendment there must be a "substantial change" made in the ordinance by the amendment. *Id.*, 116 Wis. 2d at 690, 343 N.W.2d at 816. We noted that the amendment merely "decreased the amount of land that was going to be rezoned" and that this was "not a substantial change in the proposed ordinance as originally advertised because the fundamental character of the proposal remained unchanged; no new rights were created." *Id.*, 116 Wis. 2d at 691, 343 N.W.2d at 816. We also noted that it was significant that "the amendment did not affect different landowners nor did it affect the same landowners in a different way." *Ibid.* We therefore concluded that: "An additional public hearing could only have resulted in repetitive statements by the same parties. Nothing would have been accomplished by requiring another notice and public hearing, except delay." *Ibid.*

¶ 12. The situation here is different than in *Herdeman*. Here, unlike *Herdeman*, the Steering and Rules Committee was not considering a matter within its jurisdiction that was a continuation of a properly noticed hearing before it. Rather, it was a new body taking up new files. The fact that the files referred to the Steering Committee were identical to the old files still in the Zoning, Neighborhoods and Development Committee supports, rather than negates, the need for new publication. Persons alerted by the publication that preceded consideration of File Numbers 970859 and 970857 (the old files) by the zoning committee would have no reason to suspect that a parallel effort was being started before a new committee, especially because under the Common Council's rules that new committee did not have jurisdiction over the matter. Indeed, as the City candidly admits in its brief before us: "The Original Files were not 'taken from committee' but, as acknowledged in Appellant's Second Amended Complaint, remain pending before the Zoning, Neighborhoods and Development Committee." (Capitalization in original, record reference omitted.) Thus, anyone checking with the zoning committee would find that File Numbers 970859 and 970857 were still on hold—at the very time a public hearing on new files before a different committee was setting the stage for the rezoning of the land. Although many of the arguments before the Steering and Rules Committee for or against the rezoning might have been the same as those arguments before the Zoning, Neighborhoods and Development Committee, the public also had the right to make those arguments to a committee all but one of whose members were not on the zoning committee, and thus had not heard those arguments before in

the context of a public hearing. Stated another way, although many of the arguments might have been the same, the persons to whom the arguments were directed were, with one exception, different. Moreover, one of the arguments surely would have been different: that the Steering and Rules Committee, unlike the Zoning, Neighborhoods and Development Committee, did not, under the Common Council's rules, have jurisdiction over the new files. In sum, we conclude that WIS. STAT. § 62.23(7)(d) required that a "class 2 notice" be given of the hearing before the Steering and Rules Committee on File Numbers 971743 and 971744. No such notice was given. Thus, approval of the files was void. *See Gloudeman*, 143 Wis. 2d at 785, 422 N.W.2d at 866.[3]

---

[3] American Stores argues that because WIS. STAT. § 62.23(7)(d)2 does not require that a matter to be considered by a Common Council first be considered by a committee, *see id.* ("A hearing shall be held on the proposed [zoning] amendments by, at the council's option, the plan commission, the board of public land commissioners or the plan committee."), the one notice given here suffices. We disagree. It was the Common Council's "option" to refer the original files to the Zoning, Neighborhoods and Development Committee. That committee held a public hearing, which was properly noticed. Those files were never removed from that committee. Separate (albeit identical) new files were then referred to the Steering and Rules Committee (presumably, American Stores and the City contend that this was also done "at the council's option" by action of the council president). Reference of new files to a new committee meant that this new committee could not act on files that it had never considered before without first giving the notice required by § 62.23(7)(d)2.

The City argues that the plaintiffs did not file a notice of claim as required by WIS. STAT. § 893.80. A notice was filed, however, on June 8, 1998, which was "[w]ithin 120 days after

¶ 13. This matter is remanded to the circuit court with directions that an order be entered pursuant to WIS. STAT. § 806.04 declaring that the April 1, 1998, action by the Steering and Rules Committee on File Numbers 971743 and 971744 is void.

*By the Court.*—Judgment reversed and cause remanded with directions.

the happening of the event giving rise to the claim," WIS. STAT. ·§ 893.80(1)(a), namely, the approval of the new files on April 1, 1998 by the Steering and Rules Committee. Moreover, § 893.80(1)(a) specifically provides that "[f]ailure to give the requisite notice shall not bar action on the claim if the el; [governmental] subdivision . . . had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the . . . subdivision." The trial court did not make any finding on whether lack of prejudice was shown by the plaintiffs, and neither the City nor American Stores argues on appeal that there was prejudice. Accordingly, we deem the issue of prejudice waived. *See Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981) (issue not briefed is waived). We reject the City's argument that this action is barred by § 893.80(1)(a). Further, insofar as the City argues that this action is barred by WIS. STAT. § 893.80(1)(b), which requires that a notice of claim be filed before the commencement of an action, that provision does not apply to injunction actions authorized by statute, which is the relief plaintiffs sought here. *See Gillen v. City of Neenah*, 219 Wis. 2d 806, 822, 580 N.W.2d 628, 633–634 (1998) (per curiam).